## Commonwealth, ex rel., *v.* Clifford, Appellant.

*Parent and child—Custody of child—Discretion of court—Review on appeal.*

In cases of dispute between the father and mother of a minor child, as to which shall be entitled to its custody, the judges of the court of original jurisdiction are vested with a discretion to decide as to which parent, if either, the custody of such child shall be committed, and shall remand such child accordingly, regard first

being had to the fitness of such parent and the best interest and permanent welfare of such child.

Upon an appeal in such a proceeding, the appellate court is confined to an examination of the record proper of which the evidence forms no part. On such an appeal the case cannot be considered upon its merits, and the appellate court can only inquire as to the jurisdiction of the court and the regularity of the proceeding as disclosed by the record.

Argued Dec. 16, 1915. Appeal, No. 336, Oct. T., 1915, by defendant, from order of Municipal Court Philadelphia Co., May T., 1915, No. 113, in habeas corpus proceedings in case of Commonwealth, ex rel., Arthur E. Clifford v. Florence Bisel Clifford. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Petition for habeas corpus. Before BROWN, P. J.

The court made the following order:

"The court, after careful and serious consideration to the above cause, orders and decrees that Laura May Clifford, daughter of Arthur E. and Florence B. Clifford, be remanded to the custody of Mrs. Jane Deeter Rippen, supervising probation officer, with instructions that the child be placed in the care of her paternal grandparents until the further order of the court."

*Error assigned* was the order of the court.

*John Weaver,* with him *William Y. Tripple,* for appellant.

*William T. Connor,* with him *John R. K. Scott* and *Everett Schofield,* for appellee.

OPINION BY PORTER, J., December 16, 1916:

This is an appeal by the respondent, Florence B. Clifford, from the order of the court below, in a case of habeas corpus, awarding the custody of her nine-year-old

daughter to the paternal grandparents of the child, with whom the father of the child resided. The extent of the authority of an appellate court to review the action of the court below, in proceedings of this character, is well settled in this State. In cases of dispute between the father and mother of a minor child, as to which shall be entitled to its custody, the judges of the court of original jurisdiction are vested with a discretion to decide as to which parent, if either, the custody of such child shall be committed, and shall remain such child accordingly, regard first being had to the fitness of such parent and the best interest and permanent welfare of such child. Upon an appeal, the proceeding in the appellate court, although called an appeal, is in legal effect but a proceeding upon certiorari, and, therefore, our jurisdiction is confined to an examination of the record proper of which the evidence forms no part. Hence, the merits of such cases cannot be inquired into by us but must be left to the judgment of the court or judge who heard and disposed of the case below, in whom the discretionary power is vested by law. We can only inquire as to the jurisdiction of the court and the regularity of the proceeding as disclosed by the record: Commonwealth, ex rel., McDougall, v. McDougall, 203 Pa. 291; Commonwealth, ex rel., v. Superintendent of County Prison, 33 Pa. Superior Ct. 594, and 220 Pa. 401; Commonwealth, ex rel., v. Strickland, 27 Pa. Superior Ct. 309; Commonwealth, ex rel., v. Maurer, 42 Pa. Superior Ct. 170. It is admitted that the court below had jurisdiction of the parties and of the subject-matter in this case. The record discloses no irregularity in the proceedings. If the question discussed at the oral argument were properly before us we might not be able to agree with the conclusion of the learned judge of the court below, but, as only the record is before us, we express no opinion on them. The record being regular the appeal must be dismissed.

The order is affirmed; the costs of the appeal to be paid by the appellant.

HENDERSON, J., dissents.