## Commonwealth ex rel. Elizabeth Kelley, Appellant, *v.* Michael J. Kelley.

*Parent and child—Custody of child—Jurisdiction of municipal court—Order—Act of June 26, 1895, P. L. 316.*

The municipal court has jurisdiction in all disputes between parents as to the custody of minor children and unless the provisions of the Juvenile Court Act are applicable, the judges must decide, in their discretion, as to which parent, if either, the custody of such child shall be committed, regard being first had to the fitness of such parent and the best interest and permanent welfare of the child. The Act of June 26, 1895, P. L. 316, furnishes the standard which is to govern in such cases, and the fitness of the parent and the permanent welfare and best interests of the child are the determining factors.

The religious training of the child is not the test in proceedings to secure its custody. If the permanent welfare of the child would be best conserved by awarding it to one or the other of the parents, the fact that the child was baptized in a particular faith would not be a determining reason.

Argued November 21, 1923. Appeal, No. 184, Oct. T., 1923, by plaintiff, from judgment of the Municipal Court of Phila. Co., Domestic Relations Division, No. 33684, dismissing petition for writ of habeas corpus in the case of Commonwealth, ex rel. Elizabeth Kelley, v. Michael J. Kelley. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

18 COMMONWEALTH ex rel. KELLEY *v.* KELLEY.

Statement of Facts—Opinion of the Court. [83 Pa. Superior Ct.

Petition for writ of habeas corpus. Before BROWN, P. J. and GORMAN, J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the petition. Plaintiff appealed.

*Error assigned* was the decree of the court.

*J. Siegmund Levin,* for appellant.—The welfare of the child and not the religion of its parents, is the test: Commonwealth ex rel. v. Strickland, 27 Pa. Superior Ct. 309; Commonwealth ex rel. v. Black, 79 Pa. Superior Ct. 409; Commonwealth ex rel. v. Tweedy, 74 Pa. Superior Ct. 577; Commonwealth ex rel. v. Witte, 80 Pa. Superior Ct. 397.

*Edward A. Kelley,* for appellee, cited: Commonwealth v. McClelland, 70 Pa. Superior Ct. 273; Commonwealth, ex rel., Witte v. Witte, 80 Pa. Superior Ct. 397; Commonwealth ex rel. v. Black, 79 Pa. Superior Ct. 409; Commonwealth ex rel. v. Tweedy, 74 Pa. Superior Ct. 577; Commonwealth ex rel. v. Eich, 73 Pa. Superior Ct. 268.

OPINION BY TREXLER, J., February 29, 1924:

The matter came before the court upon petition of Mrs. Kelley praying for the custody of her minor child, William Kelley, who, heretofore, had been placed in the custody of his father by an order of court. The father is a Catholic and the mother is a Protestant. The boy was in Perkiomen Seminary, and the father asked the court to award the custody of the boy to him because he wanted the boy at home. The court made an order giving the child to the father, who then placed him in St. Villa Maria, an educational institution at West Chester. After hearing the testimony upon the present petition, the court, in a definitive order, remanded the boy to the custody of the father, Michael J. Kelley, "by reason of

and under the provisions of the Act of April 23, 1903, P. L. 274, section 9." The section referred to states: "The court, in making all orders for the commitment of children, shall place them, as far as possible, in care and custody of persons having the same religious belief as the parents of the child, or with some association which is controlled by persons of such religious belief." It will be observed that this forms part of the Juvenile Court Act and applies to "dependent," "neglected," "incorrigible," and "delinquent" children under the age of sixteen years. A "dependent" or "neglected" child is one who is dependent upon the public for support, destitute or homeless, or who has not the proper parental care or guardianship. The word "incorrigible" means any child who is not manageable, and the word "delinquent" means any child who is incorrigible who is charged with the violation of law. The boy we are considering does not fall under any of these heads. The commitments referred to above are commitments under any proceedings under said act, see section 8. The provisions of this section were, therefore, not applicable. In order to bring any child within the purview of the Juvenile Court Act, such child must come under one of the four designated classes to which the act applies. See Com. v. Bickel, 78 Pa. Superior Ct. 348. Under section 11 of the Act of July 12, 1913, P. L. 711, the municipal court has jurisdiction in all proceedings for the custody of children and the power to hear this case is found in that section and not in the Act of 1903, supra. The Act of June 26, 1895, P. L. 316, provides: "That in all cases of dispute between the father and mother of such minor child, as to which parent shall be entitled to its custody or services, the judges of the courts shall decide, in their sound discretion, as to which parent, if either, the custody of such minor child shall be committed, and shall remand such child accordingly, regard first being had to the fitness of such parent and the best interest and permanent welfare of the said child." That act furnishes the standard which is to govern such cases. The fitness of

the parent and the permanent welfare and best interest of the child are to determine the outcome.

The trial judge stated: "Madam, I cannot help myself under the law. The law says that the child shall be awarded to such place and institution according to its baptism and be brought up in accordance with that religious rule." It appears that during the time the father had the child in his custody, contrary to the agreement of the parents, which was that the child should choose his religion when he became of age, he had the child baptized as a Catholic. This baptism seemed to the court to place upon it the absolute duty of keeping the child in the Catholic Church; that he should be brought up in accordance with that religious rule. There is nothing in the law that requires this. Even if the act which the court considered itself bound to follow were applicable, it seems to refer to cases where the child is taken from the parents, not to disputes arising between them. There is no reason why a child should be given to either parent solely because of such parent's adherence to a particular sect. If the permanent welfare of the child would be best conserved by awarding it to the care of its mother, the fact that the child at the instance of the father, was baptized by a Catholic priest would not be a determining factor. This was decided in Com. v. McClelland, 70 Pa. Superior Ct. 273. We are not to be understood as expressing an opinion as to which parent should receive the custody of the child. We are sending the case back so that the court will hear it and decide upon the standards fixed by law, that is, the fitness of the parent and the permanent welfare of the child. If the child is of sufficient intelligence, its preference and attachments should be consulted before the question of its custody is determined: Com. v. Sage, 160 Pa. 399.

The order of the lower court is reversed and the matter is sent back, in order that the court may determine which parent is entitled to the custody of William Kelley having regard to the fitness of the parent, and the permanent welfare and best interests of the child.