# Commonwealth ex rel. Weber *v.* Miller, Appellant.

*Parent and child—Religion of parent not controlling factor—
Habeas corpus—Custody—Act of April 23, 1903, P. L. 274—Act
of June 26, 1895, P. L. 316.*

On a writ of habeas corpus to secure the custody of a minor, the
question to be determined by the court is what is required to serve
the best interest and welfare of the child.   The court may decide

which parent shall have the child and if neither of them is a proper party may put it in charge of some third person.

The provisions of the Act of April 23, 1903, P. L. 274 (Juvenile Court Act), requiring the commitment of children to persons having the same religious belief as their parents, do not apply to cases brought before the court on a writ of habeas corpus, under the provisions of the Act of June 26, 1895, P. L. 316.

Submitted November 14, 1924.    Appeal, No. 257, Oct. T., 1924, by defendant, from decree of Municipal Court of Philadelphia (Domestic Relations Division 25427), July T., 1924, No. 1578, on writ of habeas corpus in the case of Commonwealth ex rel. Paul C. Weber v. Ida Miller.    Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.    Reversed.

Writ of habeas corpus to secure custody of a minor child.    Before WALSH, J.

The facts are stated in the opinion of the Superior Court.

The court granted the petition and awarded the child to the relator under the probation of the court.    Respondent appealed.

*Error assigned* was the decree of the court.

*Frank W. Melvin,* for appellant.—It was an abuse of discretion to award the child to the father on the sole ground that the child was not being reared in accordance with the father's religious convictions: Com. v. ex. rel. Terry v. Dougherty, 1 Pa. Legal Gazette Rep. 63; Gilkeson v. Gilkeson, 1 Phila. 194; Blair v. Blair, 26 District Reports 1005; Heinemann's App., 96 Pa. 112; Com. ex rel. Tweedy v. Tweedy, Appellant, 74 Pa. Superior Ct. 577; Com. ex rel. Witte v. Witte, Appellant, 80 Pa. Superior Ct. 397; Com. ex rel. Black v. Black et al., Appellants, 79 Pa. Superior Ct. 409.

No appearance and no printed brief for appellee.

OPINION BY TREXLER, J., February 27, 1925:

Paul C. Weber, Jr., is ten years old. His father and mother separated in 1918. For six years he has been living with an aunt of his mother, who all parties interested admit, is a woman of good character and well qualified to properly rear the boy. The father of the boy is a Catholic and when he married his present wife she also adopted that faith. The aunt is a Protestant. The mother has been contributing to the support of the child right along and desires the present arrangement to continue. The father has within the last six years given about $100 to the boy's support. The whole question seems to center about the religious faith in which the child is to be brought up. There is no question that the child lives under good surroundings with the aunt. The father insists he shall be brought up as a Roman Catholic and for that reason wants the boy given to him. There is nothing apparently in the testimony which would indicate that the father, who is a cabaret dancer, has a proper home for the child. The court very reluctantly awarded the custody of the child to his father, using this language, "The law is binding upon me and I will have to give the child to some one else but I don't like to do it." He stated that Mrs. Miller, the aunt, impressed him as being a good woman and that he granted the petition reluctantly. We took occasion to say in the recent case of Com. ex rel. Kelley v. Kelley, 83 Pa. Superior Ct. 17, that the provisions of section 9, of the Act of April 23, 1903, P. L. 274, commonly known as the Juvenile Court Act applies only to "dependent," "neglected," "incorrigible," and "delinquent" children. This section states: "The court, in making all orders for the commitment of children, shall place them, as far as possible, in care and custody of persons having the same religious belief as the parents of the child, or with some association which is controlled by persons of such religious belief." This boy was not brought before the court under the above act, so its provisions have no applica-

tion. The Act of June 26, 1895, P. L. 316, provides: "That in all cases of dispute between the father and mother of such minor child, as to which parent shall be entitled to its custody or services, the judges of the courts shall decide, in their sound discretion, as to which parent, if either, the custody of such minor child shall be committed, and shall remand such child accordingly, regard first being had to the fitness of such parent and the best interest and permanent welfare of the said child." The municipal court has jurisdiction in all proceedings for the custody of children. The question before the court, therefore, in this case is, what is required to conserve the best interest and permanent welfare of the child? The court may decide as to which parent, if either, the custody of the child shall be awarded. Neither parent may be a fit person. The father in this case allowed the child to remain six years with the wife's aunt. His course does not commend itself to us. If he was so much concerned about the religious faith of the child he should have acted promptly. The child, no doubt, has now formed attachments for his foster parents and to take him away from them would savor of cruelty. Not until proceedings for support were brought did the father's interest in the child move him to seek his custody. The court fell into error in holding that since the father is a Catholic and the aunt a Protestant, he was bound to award the custody to the father. The court must determine what is best for the permanent welfare of the child. This is the criterion. It may impose conditions upon which the award of custody is dependent. We made the suggestion in the Kelley case that a child who is of sufficient intelligence should be consulted before the question of its custody is determined, citing Com. v. Sage, 160 Pa. 399. This may not necessarily be a determining factor, but should receive consideration.

The order of the lower court is reversed, the matter is sent back in order that the court may determine whether the permanent welfare and best interests of the child

will be best conserved by awarding it to the custody of
Mrs. Ida Miller or Paul C. Weber, Sr., having regard to
the fitness of the parties.