## Commonwealth ex rel. Zeird v. Robinshaw et ux.

*Parent and child—Custody of children—Habeas corpus.*

In a contest between a father and his parents on one side, and a mother and her parents on the other, for the custody of a boy five years old, where it appears that the claimants on both sides are competent to support the child and persons of good character, the child will be awarded to the mother's parents where it appears that they have always supported it, and that the father never contributed to its support save as compelled by order of court, and that neither he nor his parents ever saw the child until it was brought into court.

*Habeas corpus.* C. P. Schuylkill Co., March T., 1926, No. 637.

*R. R. Koch,* for petitioner; *R. A. Graef,* for respondents.

BERGER, J., April 26, 1926.—This is a writ of *habeas corpus* taken by the father of Laverne Zeird, a boy nearing the age of five, to secure his custody, which is now, and has been since his birth, in his maternal grandparents. The relator, who is thirty years of age, has always lived with his parents in the Borough of Tamaqua, and is at present living with them at No. 200 Clay Street. He is an airbrake inspector, earns about $160 a month, and owns property to the value of about $4000. He was married to Edith Robinshaw, Aug. 28, 1920, and immediately took her to live with him at the home of his parents. She wanted to go to housekeeping because their living conditions were generally unsatisfactory in his parents' home, but he refused to do that, and asked her to adjust herself to the conditions surrounding them. Then she, being in a delicate conditon, having no room to herself where she was, and obliged to sleep with the small children of the household, told him she would return to her parents, living at Owl Creek, about three and one-half miles from Tamaqua, and he told her that if she went, he never would go to see her. She did go home, and he has made good his threat. A male child was born to her at the home of her parents, May, 1921, and the father, the

Commonwealth ex rel. Zeird v. Robinshaw et ux.

relator, never saw it until the child was produced in open court when this case came on for hearing. On Nov. 13, 1922, in an action brought against the father for the non-support of his child, in our Quarter Sessions Court, to No. 1053, November Term, he was ordered to pay $20 per month for the support of his child. This order remains in force, Bechtel, P. J., who made it, having dismissed a petition to reduce or vacate the order filed December, 1925. The relator filed a libel in divorce against his wife, charging desertion, Oct. 23, 1922, to No. 9, January Term, 1923, and was granted a decree July 5, 1923. He is unmarried, but his wife married one William Ohl, March 12, 1924, with whom she has one child, a boy, who will be two years old July 18, 1926. They live within a very short distance from her parents' home, and she sees her son Laverne every day and assists in his care to the extent of her ability. She knows he is well kept and contented, and his appearance indicates that that is true. Her husband is willing to take the boy and treat him as though he were one of his own. She, however, desires the custody of her son to remain with her parents for the present, and is opposed to having his custody awarded to the father, who proposes to take the boy to the home of his parents, the paternal grandparents.

Each of the boy's parents is able and willing to take care of their child, and each is of good character. The maternal and paternal grandparents are also persons of good character and capable of taking care of their grandchild. Counsel for the relator, in his written brief, has well and fairly stated the situation as follows: "There is no question of religious differences involved. There is no doubt of the fitness of the relator and his family, on the one hand, and no suggestion on our part of the unfitness of the maternal grandparents of the child, on the other hand. The advantages of environment slightly favor the relator, whose home is more modern and less crowded than the home of Mr. and Mrs. Robinshaw. On the other hand, there is to be borne in mind the fact that the relator's little boy has grown up with his grandparents and near his mother, with his little uncles and aunts as his playmates and constant associates." In cases of this sort, the court of original jurisdiction is vested with the discretion as to which parent, if either, the custody of the child shall be awarded. The exercise of this discretionary power is one of the most important duties falling to the lot of a trial judge. The guiding rule to point our course is the fitness of the parent and the best interest and the permanent welfare of the child, and of these the latter seems to be the more important: Com. ex rel. v. Clifford, 65 Pa. Superior Ct. 110; Com. ex rel. v. Tweedy, 74 Pa. Superior Ct. 577; Com. ex rel. Kelley v. Kelley, 83 Pa. Superior Ct. 17; Com. ex rel. Weber v. Miller, 84 Pa. Superior Ct. 409.

The father and his parents, the paternal grandparents, all living within four miles of the home where the child was born and has lived since its birth, and especially privileged to call to see it, according to the testimony of the maternal grandmother, first saw the boy whose custody they now seek when he was brought into court pursuant to this writ. The paternal grandparents never contributed a thing toward his support, nor did the father, save as he was compelled by the order of court. What was said by Ford, J., in Com. ex rel. Masterson v. Chilcott, 69 Pitts. L. J. 810, is applicable here. It is as follows: "A father has paramount interest in his child, but where, as in this case, he voluntarily surrenders the custody of a child of tender years and the grandparents accept the child, give it a home, take care of it and treat it as if it was their own child, it might be an injury to the child to take it from the grandparents and place it in new surroundings and strange associations." To the same effect is Com. ex rel. Uhler v. Trexler, 35 York Leg. Record, 126;

Com. ex rel. Sweetzer *v.* Sweetzer, 67 Pitts. L. J. 606. In King *v.* Louden, Pa. Superior Court Decisions, issue of April 15, 1926, No. 8, Abstract of Opinions, in an opinion by Trexler, J., it was held that where the parent and the grandparents were parties to an action for the custody of a minor child, both being of good character, the child would not be taken out of the custody of the grandparents. The same rule has also been applied in our court. The relator practically abandoned his child. The interests of the child will be best served, in our opinion, by permitting the maternal grandparents to have the custody of it at this time.

The prayer of the petitioner is denied, and Laverne Zeird is remanded to the custody of his grandparents, John E. Robinshaw and Mary Robinshaw, his wife. This decree is made, however, without prejudice to the right of the relator to renew his application upon a showing of cause.

From M. M. Burke, Shenandoah, Pa.