## Commonwealth ex rel. Brown, Appellant *v.* Lane.

*Parent and child—Habeas corpus—Custody of minor child.*

An order of court committing the custody of a minor child to its foster parents will be affirmed where there is sufficient evidence that such arrangement is for the best interest and welfare of the child.

In an appeal from a decree in habeas corpus proceedings, the burden is upon the petitioner to show that the order of the court below is erroneous.

Submitted March 8, 1927.  Appeal No. 42, February T., 1927, by petitioner from judgment of C. P. Luzerne

County, December T., 1923, No. 364, in the case of Petition of Mary Garrison Brown for writ of habeas corpus, for possession of William Garrison, her minor son. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Petition for writ of habeas corpus. Before McLEAN, J.

The facts are stated in the opinion of the Superior Court.

The court awarded the child to the respondent upon condition that the relator be permitted to visit her son at reasonable intervals. Relator appealed.

*Error assigned* was the decree of the court.

*A. A. Vosburg,* and with him *John J. Owens,* for appellant.

No appearance and no printed brief for appellee.

OPINION BY TREXLER, J., April 22, 1927:

A writ of habeas corpus was issued to determine the right to the custody of William Garrison, a minor.

Mary Garrison Brown lost her former husband, Garrison, in 1911. At that time the child whose custody is in question, was barely a month old. She was unable to support her children and her son William was taken by Mrs. Lane, the respondent, in February, 1912, and has continued with Mrs. Lane since that time. The financial condition of Mrs. Garrison, now Brown, through her marriage with Brown, has improved materially and she is desirous of having her child. The court awarded the boy to the respondents. The burden is upon the petitioner to show that the order is erroneous. Com. v. Butler, 84 Pa. Superior Ct. 291.

At the time of the hearing, Oct. 31, 1923, he was over twelve years of age. Quite a large amount of testimony was taken and the court decided that the best interests and permanent welfare of William Garrison demanded that he remain in the custody of Mr. and Mrs. John Lane. We are not disposed to disturb this order. It is unfortunate that this mother, through adverse circumstances, was compelled to part with her child, she cannot escape the consequences of that act. We cannot undo what has been done.

The child, in its foster home, was well cared for. The court had abundant evidence to find that the Lanes were people of good reputation and of considerable means. The boy himself is desirous to remain where he is. (Com. ex rel. Weber, v. Miller 84 Pa. Superior Ct. 409). There was evidence which showed that the neighborhood in which the Browns live was not quite as well adapted as to environment for the raising of children as the Lanes'.

During the passing years, necessarily, the boy and his foster parents have been knit together by ties of affection and it would be cruelty to the boy to sever them. It cannot be expected of the boy, under the circumstances, to have much affection for his mother, but as he comes to a mature age, he will be more sensitive to the relation between him and her. It is well that he should not be estranged from her. (Com. ex rel. Bloomfield v. Faxstein, 84 Pa. Superior Ct. 243.) He will be a better man if he is taught regard for her. We, therefore sympathize with the attitude of his mother in this respect that she should have the opportunity of keeping contact with her boy. The court below took this view and in the order we find that Mrs. Brown is "permitted to visit with her son at the home of respondents at reasonable intervals and at times that will not interfere with his attendance at school; and

we further enjoin upon the respondents that in their control and custody of the boy that both by word and deed they endeavor to stimulate in him an affection for his mother." She complains that she travelled upon one occasion, a long distance to see him and did not find him at home. Mrs. Brown, when she wishes to visit her son, should give notice to the foster parents of her intention to do so that they may be prepared for such visit and have the boy at home. If any obstacles appear in the carrying out of this part of the order, relief should be sought by application to the lower court. The complainant may be sure that the learned judge of the lower court will not allow his order in this respect to be ignored.

The order of the court is affirmed, costs to be paid by the appellant.