## Leonard, Appellant, *v.* Leonard.

Argued March 16, 1953. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, GUNTHER and WRIGHT, JJ.

*Colbert C. McClain,* for appellant.

*David H. Kubert,* with him *Vito N. Pisciotta,* for appellee.

OPINION BY WRIGHT, J., July 14, 1953:

After a habeas corpus action, Joseph H. Leonard was granted the right to visit his twin daughters in the custody of their mother, Margaret Leonard. The mother has appealed from the subsequent refusal of the lower court to rescind the order of visitation. Our conclusion is that the matter was properly determined by the court below.

Since this proceeding continues to be habeas corpus in substance, we must "consider the testimony and make such order upon the merits of the case . . . as to right and justice shall belong": Act of 1917, P.L. 817, 12 P.S. 1874. See *Com. ex rel. McMenamin v. McMenamin,* 171 Pa. Superior Ct. 524, 90 A. 2d 398. However, as was stated by Judge (now President Judge) RHODES in *Com. ex rel. Knouse v. Knouse,* 146 Pa. Superior Ct. 396, 22 A. 2d 618, "In this type of case we have recognized that weight is to be given to the fact that the parties are likely to be known to the lower court, and that

it has had a better opportunity to pass upon their ability and character than we have".

The little girls were born March 7, 1950. The parents separated in December 1950, the mother retaining custody of the children. On November 26, 1951, the father was granted a divorce, which the mother did not contest. On January 16, 1952, when the petition for habeas corpus came on for hearing, the parties agreed that the father should be permitted to visit the children at the Municipal Court Nursery between the hours of three and four o'clock each Sunday afternoon.

In her petition asking that the visitation order be rescinded, the mother alleged that the visits "resulted in disturbances and trouble, due to the conduct of the Respondent, and the children became hysterical, ill and disturbed", and that "as a consequence thereof they have become hysterical, suffered convulsions, and been made sick and ill, and Petitioner fears they may incur serious permanent injury, both mental and physical if said visitations continue". The mother also alleged that, during their married life, the father exhibited homosexual tendencies and committed unnatural sexual acts. These several allegations are in large part unsupported by the testimony.

No evidence was introduced as to any homosexual tendency. The testimony as to perversion was not so conclusive as to persuade the court below, or this court, that the father is unfit to associate with his children. The incidents about which complaint is made occurred prior to the separation and were known to appellant when she agreed to the order of visitation. It is not intimated that the father has a paranoiac personality. While the children were emotionally upset after some of the visits at the court nursery, we do not consider this unnatural under the circumstances. The family physician testified that the little girls told him that they

saw "the bad man" whenever they visited their father. We find it difficult to believe that normal youngsters would develop such hostility without some adult encouragement. It is apparent that the mother and the maternal grandmother (with whom the mother and children reside) did little to ease the situation.

The record discloses no indication whatever of any improper conduct by the father during the supervised visitation made in accordance with the order which we are requested to rescind. When asked whether the father had mistreated the children on any visits, the mother replied, "No. That would be impossible". As was stated by Judge BELOFF of the court below, "It would require the clearest kind of evidence to justify an order cutting off the father completely from the right of visitation. The evidence in this case is not of such a nature. The accusations of the mother are denied by the father, and since the visitations are presently conducted in a manner which can afford no opportunity for mistreatment, even if the father was so inclined, it would be highly unreasonable and arbitrary to deny such a right to the father".

Children should not be estranged from either parent: *Com. ex rel. Manning v. Manning,* 89 Pa. Superior Ct. 301. Normally both parents should see their children: *Com. ex rel. Bachman v. Bradley,* 171 Pa. Superior Ct. 587, 593, 91 A. 2d 379. The instant case is similar in principle to *Com. ex rel. Timmons v. Timmons,* 161 Pa. Superior Ct. 174, 54 A. 2d 75. In that case the mother's contention that a continuation of visitation rights in the father would be harmful to the children was held to be an apprehension unsupported by evidence.

Order affirmed.