## Commonwealth ex rel. Ranjo *v.* Ranjo, Appellant.

Argued September 27, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*Edwin Fischer,* for appellant.

*Victor H. Wright,* Assistant District Attorney, with him *Samuel Dash, Armand Della Porta,* Assistant District Attorneys, *Michael von Moschzisker,* First Assistant District Attorney, and *Richardson Dilworth,* District Attorney, for appellee.

OPINION BY WOODSIDE, J., March 24, 1955:

There are two appeals involved in this case. One from the refusal of the Municipal Court of Philadelphia to revoke a support order which had been entered in favor of the wife and against the husband and the other an appeal from the order of the same court made against the appellant for the support of a child.

It is the contention of the defendant that the child is not his, and therefore his wife committed adultery and that he should thus be relieved of supporting his wife and the child.

It appears from the evidence produced by the husband that he last had sexual relations with his wife on October 28, 1952. The following day she disappeared from their home in Philadelphia, leaving a note saying she was leaving. November 7, and again November 29, she wrote to him from St. Louis. She returned to Pennsylvania and a child was born to her in Philadelphia on August 30, 1953, which according to her husband's testimony was 306 days after the last sexual intercourse with him.

There was evidence of conduct on the part of the wife, such as giving a fictitious name at the hospital

where her child was born and misrepresenting the date of birth to her husband when he first learned about the child, which might lead to the inference that the child did not belong to her husband. However, the basis of the defendant's contention is non-access to his wife. In this case there is no evidence upon which non-access could be established except the testimony of the husband.

It is well settled that both the wife and husband are incompetent to testify as to non-access. *Com. v. DiMatteo*, 124 Pa. Superior Ct. 277, 188 A. 425 (1936); *Com. v. Atherton*, 129 Pa. Superior Ct. 64, 194 A. 779 (1937); *Com. v. Barone*, 164 Pa. Superior Ct. 73, 63 A. 2d 132 (1949); *Cairgle v. American Radiator and Standard Sanitary Corporation*, 366 Pa. 249, 256, 77 A. 2d 439 (1951).

The appellant contends that this rule is changed by Section 18 of the Act of May 10, 1951, P. L. 279 (renumbered Section 24 by the Amendment of 1953) 62 PS §2043.24 which provides as follows: "Laws attaching a privilege against the disclosure of communications between husband and wife are inapplicable to proceedings under this act. Husband and wife are competent witnesses to testify to any relevant matter, including marriage and parentage."

This provision is in the Uniform Enforcement of Support Law. This action was not brought under that act, and its provisions are not relevant.

The lower court was correct in holding that the husband's testimony of non-access should have been excluded, and without it there was not sufficient evidence to establish that the child was not his.

In its opinion on the order for support of the child the court below said: "Even if we were to accept as true the evidence offered that the parties separated

October 29, 1952, this does not establish that the respondent was not the father in the course of nature. In Commonwealth v. Young, 163 Pa. 279, 282, the Court cited 3 Wharton & Stille's Medical Jurisprudence, 5th Ed., Chap. 111, Sec. 66, p. 39, which states: 'Pregnancy may be protracted to 334 days after coitus, or 344 days after the menses.' Since the child was born August 30, 1953, well within the maximum period, if we fix October 29, 1952, as the last date when coitus was possible, the respondent has clearly failed to meet his burden, even if given the benefit of evidence which is inadmissible."

In *Com. v. Young*, 163 Pa. Superior Ct. 279, 60 A. 2d 831 (1948) cited by the lower court, Judge HIRT writing for this court quoted from medical authorities and from decisions of other jurisdictions, including that which is quoted above. It does not follow, however, that this court has pronounced as the law of this Commonwealth that 334 days is an established maximum period pregnancy may be protracted after coitus.

In the *Young* case, supra, the mother of the child admitted having intercourse with the boy in question 290, 297 and 304 days prior to the birth of the child. Subsequently she changed her testimony so that 304 days prior to the birth was the last time she had intercourse with him. Concerning this change of testimony Judge HIRT said, at page 280: ". . . It is a reasonable inference from the testimony given by her on the first day of the trial that Joseph Freeman is the father of the child. And it is at least doubtful that her changed testimony on the following day excludes that possibility." It could thus be argued that the *Young* case is authority only for the acceptance of 290 days as a possible period of gestation. Under no circumstances should it be considered as authority for a possible period of more than 304 days.

Whether we would extend the possible period to 306 days, which is the time in this case, is not before us since the proof of the period of 306 days of non-access rests upon the improperly admitted evidence of the husband.

Orders affirmed.