## Commonwealth ex rel. Turner, Appellant, v. Strange.

84

■

Argued March 24, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*Mark Charleston*, for appellant.

*Samuel Gorson*, for appellee.

OPINION BY WOODSIDE, J., July 21, 1955:

The lower court in this case dismissed the appellant's petition for a writ of habeas corpus through which she was seeking the right to visit her two children. The court was in error.

The petitioner was 16 when she married the respondent. They had two children Roberta, born October 18, 1942 and Jesse born October 24, 1944. The parties separated in March 1947 and were divorced in November of that year. The father remarried in 1948 and the mother in 1952. There is evidence that prior to the separation the mother drank, stayed out all night, and was frequently in the company of the man she subsequently married.

After the separation, the father drove the mother to Atlantic City where she secured a job as a waitress and remained for a year and a half. She returned to Philadelphia in November 1948. When the separation took place the children were living at the home of their paternal grandparents. The mother testified that she was told she could visit them there, that she was satisfied with the arrangements, that she "had no home to take them to."

When the father remarried, Jesse went to live with him, Roberta remaining with her grandparents.

The petitioner did not see the children for seven years prior to the filing of this petition except on two chance occasions, once when she was in a street car and Roberta was on the sidewalk and once when she was on the boardwalk at the seashore and Roberta on the beach.

During the seven year period since separation she has made at most five attempts to see the children. There is no doubt she was not welcome. She did very little in the way of recognizing their birthdays and the holidays.

The trial court concluded that she "abandoned" the children, citing several adoption cases as authority. This is not an adoption case, and the principles applied in those cases have no relevancy to the question before us. It is not the law that a parent who abandons her children loses thereby the right of visitation.

In *Com. ex rel. Brown v. Lane,* 90 Pa. Superior Ct. 350, 352 (1927), although denying complete custody to a mother who had made little effort to visit her son in 11 years, this court said: "It is well that he should not be estranged from her. He will be a better man if he is taught regard for her. . . . We, therefore, sympathize with the attitude of his mother in this respect that she

should have the opportunity of keeping contact with her boy."

In *Com. ex rel. v. Cook,* 122 Pa. Superior Ct. 397, 400, 186 A. 229 (1936) the court denied custody to a father who had made no attempt to see the child for 9 or 10 years but said, "the father should be given opportunity and be encouraged to visit his child in the expectation of their becoming acquainted and to assist the child when he shall have arrived at the age of discretion to make his own choice."

The evidence of the mother's conduct does not establish that at the present time she is unfit to see her children or that her behavior about them would be improper in any way.

Both the children told the court they did not want to see their mother. The younger said he did not remember her, and the older, who was only four when her parents separated, said, "she was mean to us . . . she never came to see us before; why should she wait until now?" Under the circumstances this statement has the earmarks of a thought planted in the child's mind by an adult.

Only when the evidence clearly shows that a mother is unfit to associate with her children should she be denied the right to see them. *Com. ex rel. Leonard v. Leonard,* 173 Pa. Superior Ct. 424, 98 A. 2d 638 (1953).

Estrangement of parent and child should be avoided whenever possible. *Com. ex rel. Manning v. Manning,* 89 Pa. Superior Ct. 301, 305 (1926).

The appellant does not seek complete custody of the children, nor under the evidence would she be entitled to it. She does seek, and is entitled to, the right to see her children.

She asks that she "be allowed the privilege of visitation and partial custody of the children one day a week and on alternate holidays, or at any time as in

the opinion of the court will be deemed reasonable." Although we would have authority to enter an order in this court we think the case should be returned to the lower court to make such order of visitation in conformity with this opinion as it deems proper. It, better than we, can determine when, where and under what circumstances visitations can best be made. The parties should cooperate in working out the details of the visits. For the best interests of the children, those having custody of them should make a sincere effort to remove from the childrens' minds any animosity toward their mother.

Needless to say the mother should take care never to criticize the father and paternal grandparents in the presence of the children.

The mother is entitled to and must be given by the court below reasonable opportunity to see her children under reasonable circumstances.

Order reversed, petition reinstated and the case remitted to the court below for entry of order in accordance with this opinion.