## Guiseppi Appeal.

Argued September 12, 1958. Before RHODES, P. J., HIRT, GUNTHER, WOODSIDE, ERVIN, and WATKINS, JJ. (WRIGHT, J., absent).

*A. Harry Levitan,* for appellant.

*Harris Ominsky,* with him *Maxwell L. Ominsky,* and *Joseph Ominsky,* for appellee.

OPINION BY WOODSIDE, J., December 9, 1958:

This is an appeal from the order of the Municipal Court of Philadelphia denying visitation rights to Annette Guiseppi, the mother of Donna M. Duckworth and Donald H. Duckworth, Jr. Annette had married Donald H. Duckworth, Sr., the father of the children, in 1941. Donna was born October 12, 1943, and Donald on December 13, 1944. The parties separated in 1948 and were divorced in 1956. Annette has since remarried. The children resided with their father after the separation until 1952 when they were placed with the Department of Welfare at Friendly Acres. In 1954 the father filed a dependency petition asking that the children be formally committed to that Department, which petition was granted September 14, 1954.

The mother filed a petition for leave to visit the children on March 29, 1957, which was denied. A similar petition was filed on May 28, 1958, which peti-

tion was also denied, and this appeal followed. Mrs. Guiseppi had no contact with the children between the time of separation and the filing of her first petition. She has had no visitation rights since that time. The appellee has objected to the granting of visitation rights as he feels that Mrs. Guiseppi would be a bad influence upon the children.

The institutions at which the children have been placed have limited visitation hours, so that the grant of visitation rights to Mrs. Guiseppi would necessarily reduce the visitation privileges of the father.

The father, although at times in arrears in his support of the children, apparently tries to be a good father, and the children seem to have great respect and affection for him. Mr. Duckworth has never missed visiting the children or taking them out.

The court below noted that this case was unlike most visitation petitions because of the limited visitation periods of the institutions at which the children had been placed and for this reason concluded that to disturb the present situation would "upset the routine of the children, and disturb them," and "interfere with the limited visitation privileges of the father, a man who has been a good father and one who has seen his children whenever possible and done everything he could for them even though he has not been able to make a home for them himself." The court also noted that "the mother abandoned the children and showed no regard for them whatsoever over eight years; the children, who are now old enough to understand such matters and make such a decision, have indicated that they, themselves, do not want to have the present plan of visitation with the father disturbed and, any rights granted to the mother will interfere with the rights of the father." The court below, therefore, denied visitation.

The lower court at the hearing suggested that appellant try to endear herself to the children with letters and gifts, a suggestion which the appellant rejected, preferring a direct order denying visitation. We fully appreciate the problem which the lower court faces in a situation of this type, with the father demonstrating a love for the children which the mother did not show, and the limited time available for the two parents to see the children. But there appears no evidence that Mrs. Guiseppi is presently unfit to associate with her children. *Commonwealth ex rel. Jacobson v. Jacobson*, 181 Pa. Superior Ct. 369, 124 A. 2d 462 (1956); *Com. ex rel. Chumard v. Chumard*, 168 Pa. Superior Ct. 188, 77 A. 2d 660 (1951).

It is against public policy to destroy or to limit the relation of a parent and child. *Commonwealth ex rel. Manning v. Manning*, 89 Pa. Superior Ct. 301 (1926); *Commonwealth ex rel. Fortunes v. Manos*, 140 Pa. Superior Ct. 352, 13 A. 2d 886 (1940); *Leonard v. Leonard*, 173 Pa. Superior Ct. 424, 98 A. 2d 638 (1953); *Commonwealth ex rel. Timmons v. Timmons*, 161 Pa. Superior Ct. 174, 54 A. 2d 75 (1947).

The mere fact that Mrs. Guiseppi has not had contact with the children for some time will not justify the denial of visitation rights. *Commonwealth ex rel. Brown v. Lane*, 90 Pa. Superior Ct. 350 (1927); *Commonwealth ex rel. v. Cook*, 122 Pa. Superior Ct. 397, 186 A. 229 (1936); *Commonwealth ex rel. Turner v. Strange*, 179 Pa. Superior Ct. 83, 115 A. 2d 885 (1955).

The fact that the children do not wish visitation by a particular parent is not controlling. *Commonwealth ex rel. Turner v. Strange*, supra; *Commonwealth ex rel. Lotz v. Lotz*, 188 Pa. Superior Ct. 241, 146 A. 2d 362 (1958).

The order of the court below in the present case is bound to result in the permanent estrangement of the

children from their mother. As a general rule, both parents should see their children and the estrangement of parent and child should be avoided wherever possible. *Commonwealth ex rel. Moore v. Moore,* 172 Pa. Superior Ct. 255, 94 A. 2d 93 (1953); *Commonwealth ex rel. Timmons v. Timmons,* supra.

Although the rights of parents and all other considerations are always subordinate to the welfare of the child, the evidence in the case before us is insufficient to remove it from the general rule that the welfare of the child is best served by maintaining the relationship of parent and child with both parents. The court below need not order equal visitation by both parents but we think it is error to deny visitation privileges to the mother completely. There must be *some* opportunity given this mother to see her children.

The order of the court below is reversed and the record remanded for the entry of an order consistent with this opinion.