## Commonwealth v. Galleo

*William C. Cahall, 3rd,* for Commonwealth.

*Fox & Fox,* for defendant.

FORREST, J., December 7, 1959.—Defendant, Joseph L. Galleo, has been indicted by a grand jury on charges of fornication and bastardy, failure to support bastard

child and adultery. Heidi Gross, a married woman, was the private prosecutrix and sole witness before the grand jury. Francis T. Gross was her husband at the time of sexual intercourse resulting in conception of the bastard child, all of which appears in stipulation of counsel duly filed in this case. Defendant petitioned for a rule to show cause why the indictments should not be quashed. A rule was granted. The District Attorney answered the petition and in the answer he admits the facts as stipulated.

". . . an indictment may be quashed where . . . the only witness called [by the grand jury] was incompetent . . .": Commonwealth v. Halleron, 163 Pa. Superior Ct. 583, 586 (1949). See also parenthetical dictum in Commonwealth v. Pienta (No. 1), 75 Montg. 344, 346 (1958). Children born during wedlock are presumed to be legitimate, which presumption may be rebutted by competent evidence, but a wife is incompetent to testify to nonaccess in order to overcome the presumption and bastardize her child: Commonwealth ex rel. Ranjo v. Ranjo, 178 Pa. Superior Ct. 6 (1955); Commonwealth v. DiMatteo, 124 Pa. Superior Ct. 277 (1936); Cairgle v. American Radiator and Standard Sanitary Corporation, 366 Pa. 249 (1951).

Since the only witness before the grand jury was incompetent to testify as to an essential ingredient of the crimes of bastardy and failure to support bastard child, viz., illegitimacy of the child, a prima facie case could not have been made out and we can and do declare as a matter of law that a valid indictment as to bastardy and failure to support bastard child was not found: Commonwealth v. Force, 11 D. & C. 2d 789 (1957). We shall not permit the wasteful, useless and senseless spectacle of a trial at which the Commonwealth's only witness indisputably would be adjudged incompetent to establish the existence of the elements of the offense.

Bill no. 236-2 charges defendant with the commission of adultery, that is, having "carnal connection with another person of the opposite sex, not his lawful spouse": The Penal Code of June 24, 1939, P. L. 872, sec. 505, 18 PS §4505. The testimony of the witness before the grand jury may have been sufficient to establish a prima facie case. Therefore the case must proceed to trial on this bill.

And now, December 7, 1959, the rule is made absolute as to bill no. 236 and bill no. 236-1, November Term, 1958, and the indictments as to those bills are quashed. As to bill no. 236-2, same term, the rule is discharged. Exception to defendant.