## Burrell, Appellant, v. Burrell.

Argued September 11, 1968. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and HANNUM, JJ.

*Ronald Robinson*, with him *Pearlstine, Salkin, Hardiman, Robinson & Hunt*, for appellant.

*Horace A. Davenport*, for appellee.

OPINION PER CURIAM, November 14, 1968:
Order affirmed.

DISSENTING OPINION BY SPAULDING, J.:

I dissent. This is an appeal by Douglas Burrell, appellant, from an order of the Court of Common Pleas of Montgomery County dismissing his petition for visitation rights with a minor child, Shawn Burrell. The court dismissed appellant's petition on the grounds that appellant was not the actual father of the child and, in the alternative, that even if he were the father, visitation would have a harmful effect upon the child.

Appellant and Beatrice Burrell, appellee, were married August 23, 1957, and three children in addition to Shawn were born of the marriage. The parties separated September 28, 1964, and were divorced May 3, 1966.

Shawn Burrell was born January 26, 1965, four months after the parties separated. Appellee, who has custody of the four children, has never denied appellant the right to visit the three oldest children but has refused to permit appellant to visit Shawn, alleging that appellant is not the father of the child.

At the hearing on the petition for visitation rights, appellee testified, over objection, that she had not engaged in sexual intercourse with appellant for 38 months prior to Shawn's birth and that appellant was not the father of the child. Appellant correctly contends that the lower court erred in admitting and considering this testimony, which was the *only* evidence supporting the finding that appellant was not the father of Shawn.

Shawn was born during the marriage of the parties and only four months after they separated. One of the strongest presumptions in the law is that children born during wedlock are legitimate. *Commonwealth v. Carrasquilla*, 191 Pa. Superior Ct. 14, 155 A. 2d 473 (1959); *Commonwealth ex rel. Ranjo v. Ran-*

*jo*, 178 Pa. Superior Ct. 6, 112 A. 2d 442 (1955). Moreover, although a husband and wife may testify to independent facts affecting legitimacy, they are incompetent to testify to nonaccess or the lack of sexual intercourse in order to bastardize a child born during wedlock. *Cairgle v. American Radiator and Standard Sanitary Corp.*, 366 Pa. 249, 77 A. 2d 439 (1951); *Commonwealth ex rel. Ranjo v. Ranjo,* supra.

Appellee was thus incompetent to testify to the lack of intercourse and the lower court erred in admitting and considering this testimony. Because this testimony was the only evidence casting doubt upon the legitimacy of the child, the presumption of legitimacy was not rebutted and the court below erred in denying visitation rights on the ground that appellant was not the actual father of the child.

The alternative holding that even if appellant were the father he should not be allowed visitation rights because of his adverse affect upon the child was error and is unsupported by the evidence presented at the hearing. It is against public policy to destroy or limit the relationship of a parent and child and therefore it requires the clearest kind of evidence to justify an order cutting off the father completely from the right of visitation. *Leonard v. Leonard,* 173 Pa. Superior Ct. 424, 98 A. 2d 638 (1953); *Commonwealth ex rel. Heller v. Yellin,* 174 Pa. Superior Ct. 292, 101 A. 2d 452 (1953); *Guiseppi Appeal,* 188 Pa. Superior Ct. 232, 146 A. 2d 365 (1958). The cases in which visitation rights of a parent have been limited or denied have been those in which severe mental or moral deficiencies of the parent have constituted a real and grave threat to the welfare of the child. *Commonwealth ex rel. Lotz v. Lotz,* 188 Pa. Superior Ct. 241, 146 A. 2d 362 (1958).

There is no evidence in the record to support a finding that appellant has severe mental or moral de-

ficiencies constituting a threat to the welfare of the child. Indeed, neither appellee nor the court below have perceived any threat in appellant's weekly visits with the three other children. Although appellant has not offered to support the child, failure to support is not a ground for denial of visitation rights. *Commonwealth ex rel. Lotz v. Lotz,* supra. Nothing in the record supports the conclusion of the court below that the petition was presented for the purpose of harassing appellee. The only evidence in the record relating to appellant's character is that he broke into appellee's home in order to obtain Shawn's birth certificate, that he and appellee argued on Thanksgiving Day, 1962, and that he has been placed under a surety of the peace bond. This evidence does not rise to the character required to refuse visitation rights and it was error to deny visitation on the ground that appellant would have an adverse effect upon the welfare of the child.

I would vacate the order of the court below and remand the record with directions to determine reasonable visitation periods.

HOFFMAN, J., joins in this dissent.