Commonwealth ex rel. Katz, Appellant, *v.* Katz.

Argued March 20, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*S. Gordon Elkins,* with him *Milton O. Moss,* and *Moss and Rounick,* and *Stradley, Ronon, Stevens & Young,* for appellant.

*John F. Solomon, Jr.,* with him *William L. O'Hey, Jr.,* and *Henderson, Wetherill & O'Hey,* for appellee.

OPINION PER CURIAM, June 12, 1969:
Order affirmed.

---

DISSENTING OPINION BY HOFFMAN, J.:

This is an appeal from the order of the lower court denying a mother's petition for visitation with her fifteen year old son who is in the custody of his father, her former husband.

It is unnecessary at this point to recount the lengthy litigation which has preceded this action. It is sufficient to note that the father neither alleged nor attempted to show that the mother was unfit. His sole position was that the son did not want to visit with his mother.

The lower court accepted this position, stating: "It should be perfectly clear that this court is not denying Gertrude Katz the privilege of seeing her son. We are merely respecting the wishes of an intelligent young man in a highly personal matter. We withhold the judicial compulsion Mrs. Katz seeks because Frank's choice seems to be founded upon mature considerations."

In my opinion, the lower court, while evidencing great concern for the parties, has too readily relied upon the decisions of a boy who is at a highly impressionable and uncertain stage of life. In so doing the

court has failed to make every effort to reach a conclusion consistent with the expressed policy of our courts.

The fact that a child does not wish visitation by a particular parent cannot, of itself, justify denial of visitation. It is the policy of our law to promote the rapport between child and parent by ordering visitation even though the children may be reluctant to comply. See *Guiseppi Appeal*, 188 Pa. Superior Ct. 232 (1958); *Commonwealth ex rel. Lotz v. Lotz*, 188 Pa. Superior Ct. 241 (1958), aff'd. 396 Pa. 287 (1959).

Moreover, where children have refused to see parents, our courts have directed that the parent having custody exercise his parental authority over the child to enforce visitation rights. See *Commonwealth ex rel. Beemer v. Beemer*, 200 Pa. Superior Ct. 103 (1962). As our court recognized in *Lotz*, supra at 246-7: "Visitation rights of a parent not in custody have long been a matter of concern to the law of this Commonwealth. They must be carefully guarded for when parents are separated and custody is placed in one of the parents, there exists a danger that the parent having custody of the child may use his or her advantageous position to alienate the other parent from the affections of the child. Were we to reverse the order of the court below, we would provide an easy method for any person who has obtained the custody of a child to nullify the visitation rights granted by the court. A court which has awarded custody of a child can require the person to whom such custody has been awarded to exert reasonable authority over such child to require it to obey the lawful orders of a court."

In summary, the right of the parent without custody must be zealously guarded both by the courts and by the parent with custody. The maintenance of this visitation right is crucial for the future development

of the child. It may be true, as the lower court suggests, that by denying visitation rights the mother may be better able to win back the affection of her son. In my opinion, however, this negative approach will, in all probability, sever whatever ties still remain between mother and son. A court should not allow the wishes of the son to control unless and until all other remedies have been exhausted. Similarly, the father, recognizing the need for the mother-son relationship, should work to reestablish this contact, despite the bitterness of the relationship with his former wife. Should he be unwilling to do so, the court must impress upon him his responsibility in the matter.

The result of the court's order is to solemnize the total separation between husband and wife. While the court suggests that Mrs. Katz should seek to rebuild her relationship with her son, she will be without means of doing so. The solution of the lower court, is not the one which society or the courts should accept with equanimity. The Courts must not retreat from the difficult task of reconciling members of a family by relying on the wishes of a fifteen year old boy. Rather, they must step forth boldly and, with the cooperation of all parties, work actively for the reestablishment of the natural parent-child relationship.

I would reverse the order of the lower court and remand for a visitation order to be reviewed at regular and frequent intervals by the lower court.

MONTGOMERY, J., joins in this dissenting opinion.