Commonwealth ex rel. Timmons *v.* Timmons,
Appellant.

Argued April 21, 1947. Before RHODES, P. J., HIRT,
RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Thompson Bradshaw,* for appellant.

*Eugene A. Caputo,* for appellee.

OPINION BY DITHRICH, J., July 17, 1947:

In this habeas corpus proceeding between the estranged parents of two children, a boy aged 9 and a girl aged 7, the mother was awarded general custody with limited custody to the father. The mother has appealed

from the order which provides, in part, ". . . that the father, . . . shall have custody of the children for one week-end each month from Friday evening to Sunday evening, and that during the school vacation in the summer, he shall have custody of them for one month."

Her appeal is based on her objection to the children residing for part of the year, or even staying overnight, in the present residence of the father and the woman who succeeded her in her husband's affections and whom he married àfter the respondent had divorced him. Speaking through her counsel she says, "Whether rightly or wrongly, the former husband's present household is in bad repute with this mother." And on that she apparently is content to rest her case.

The determined, and we might say almost defiant, position taken by the mother in this proceeding is wholly untenable. It is the result of overzealousness on her part, due to an apprehension that the woman who succeeded her in her husband's affections may also succeed her in the affections of her children. On the record there is not a scintilla of evidence that the second wife has attempted to alienate the affections of the children any more than she alienated the affections of the father, or that she is at all likely so to do. The children spent 12 days in the summer of 1945 in the home which their father has established with his present wife, and upon their return to the home of their mother there was not a word of complaint on her part as to anything that had transpired while they were visiting with their father, except that she resented the fact that he had deducted from the amount he had been voluntarily paying her for their support, the cost of their keep while they were with him.

We adopt the following excerpt from the opinion of the court below: "The principal complaint of the defendant, as outlined by her counsel, is that she does not want the children to be in the home and under the custody and influence of the second wife of the relator.

The defendant's attorney, on each hearing, stated he would establish the fact that the influence of the second Mrs. Timmons was detrimental to the rights and influences of the natural mother. *We have carefully gone over all the testimony, and we find no evidence upon which to base such conclusion."* (Emphasis added.)

We would be better able to understand the attitude of the mother if the children were going to be "exposed" for the first time to the influence of the second wife, but, they having spent 12 days under the same roof with her in the summer of 1945 and nothing untoward having occurred, we are at a loss to understand why a resumption of such visits would not be in the best interest of the children. And that is our primary concern. This should not be regarded as a contest between the former and the present wife of Timmons, the loss of which by the former would cause her to lose caste "in her neighborhood." Nor should the "hand of the court" be "stayed" because "It is the fear of this [the undermining of the home life of the children] that obsesses this mother." If the mother has such an obsession, there is no foundation for it in fact. Nor is there any point to her saying that "the decree [of the court below] is well-nigh unenforceable" and that "It simply will not work." It is a reasonable order and if the respondent will only accept it in that light, there is no reason why it should "not work." A child should not be estranged from either parent, and it was no doubt with that thought in mind that the court below entered its order for divided custody, with by far the greater division of it going to the mother.

"Normally both parents should see their children; estrangement of parent and child should be avoided whenever possible; the death of the parent having custody of such children may require the performance of parental obligations of the surviving parent which can be better performed if the parental relation has not been wholly severed, and it may also give the survivor a prima facie right to custody": *Com. ex rel. Manning v. Manning,* 89 Pa. Superior Ct. 301, 305.

We recently had before us the case of *Com. ex rel. Moss v. Moss,* 159 Pa. Superior Ct. 133, 47 A. 2d 534, in which the facts were analogous to those in the instant case, except that there the father had not remarried. We held, page 136, that while the child should remain in the home of its mother, *"in the interest of the child"* the father should have the custody from Saturday afternoon until Sunday evening in alternate weeks, and that we saw ". . . no reason why he should not have *exclusive* custody of his child during his vacation period." (Latter emphasis added.)

Upon such review and consideration of the testimony as we are required to make by the Act of July 11, 1917, P. L. 817, 12 PS §1874, we have arrived at a similar independent conclusion in the instant case.

The order is affirmed.