## Commonwealth ex rel. v. Dartt

*Robert V. Moser,* for relator.

*Louis Cohen* and *Raymond B. Tobias,* for respondent.

FORTNEY, P. J., January 16, 1948.—This matter comes before the court on a petition of Robert L. Dartt for a writ of habeas corpus to gain custody of his child. From the testimony taken, it is shown that Robert L. Dartt, relator, and Helene Dartt, respondent, were married in the year 1936, that relator entered the military service of the United States in the year 1942, was released therefrom sometime during the year 1946, and was divorced from his wife June 9, 1947. There was

born, as a result of this marriage, one child, Robert Dartt, who is, at the present time, five years of age.

Relator, on August 13, 1947, remarried, resides at Mt. Holly Springs, Carlisle, R. D. No. 2, Pennsylvania, with his second wife, in a one-room kitchenette and bath. The testimony further shows that relator, under the GI Bill of Rights, entered the Dickinson School of Law at Carlisle, Pa., has not continued his study of the law and is at the present time unemployed; that he contributed to the support of his child, during the year 1947, the sum of $55, even though, for a period of several months, he received from the Government, in addition to his own allotment, an allotment of $25 for the support of the child.

The minor child, Robert Dartt, is presently, and has been since 1942, living with his mother, respondent, Helene Dartt, in Mount Carmel, in this county. The child is maintained in the home of his maternal grandmother, in a spacious apartment; is attending kindergarten five days a week and attends Sunday School, where the mother is one of the teachers, regularly every Sunday, except when the weather is bad or the child is ill. The child is given every care and consideration, is being reared in a respectable home amid pleasant surroundings conducive to his happiness and welfare, with the proper emphasis placed upon his training, as well as his physical and moral development. During the summer of 1947, the child was taken by his mother to a summer home, where she taught him to fish and swim and instructed him in various pleasures at a resort of this type.

Respondent has never, under proper circumstances and at reasonable times, refused relator the right to visit with his son.

Under the Act of June 26, 1895, P. L. 316, sec. 2, 48 PS §92, it is provided:

"In all cases of dispute between the father and mother of such minor child, as to which parent shall be

entitled to its custody or services, the judges of the courts shall decide, in their sound discretion, as to which parent, if either, the custody of such minor child shall be committed, and shall remand such child accordingly, regard first being had to the fitness of such parent and the best interest and permanent welfare of said child."

The basic consideration, in determining the custody of a child, is the best interest of the child, and unless compelling reasons appear to the contrary, a child of tender years should be committed to the care and custody of its mother, by whom the needs of the child are ordinarily best served: Commonwealth ex rel. Lamberson v. Batyko et al., 157 Pa. Superior Ct. 389.

The parents of the child in this case are divorced, the father has remarried, is presently unemployed, yet, as was said in Commonwealth ex rel. v. Timmons, 161 Pa. Superior Ct. 174: " 'Normally both parents should see their children; estrangement of parent and child should be avoided whenever possible.' "

Relator asks for custody of his son every week-end, on alternate holidays, and during a part of his summer vacation from school. This request could not be considered unreasonable under ordinary conditions. We note that relator lives in Mt. Holly Springs, Cumberland County, Pa., and his accommodations are such that he could not take the child to this home, but rather, he expects to take the child to the home of his paternal grandmother in Bethlehem, Pa. Our independent investigation shows that it would be necessary for relator to travel 68 miles to the home of the maternal grandmother, where the child is presently living, take the child and travel an additional 80 miles to Bethlehem, the home of his paternal grandmother, and then to return the child to his place of residence in Mt. Carmel, would mean traveling 80 miles more. It is not indicated to us how the trip would be made each week, whether by private motor car, bus or train. It makes

no difference how the trip would be made. A journey of this distance, together with the attendant exposure of the child to the elements during the winter months, in our judgment, is not conducive to the welfare of the child.

A careful study of the testimony and our observation of the parties at the time of hearing, together with the attitude of relator toward the child, indicates to us that both father and mother are fit and proper persons to rear the child and we are not unmindful that the normal relationship with both parents should be maintained as far as possible. We believe the child should remain in the home of his mother, where ample provision has been made for his care, subject to the right of the father to limited custody at proper times. Under these circumstances, a normal relationship with both parents should be maintained.. It cannot be contended, and indeed it is not seriously contended by relator, that he is in position to offer his child the same advantages as is now afforded him. His subsequent remarriage, the limited household space, the unemployment of relator, when contrasted with the home and conditions in which the child is presently being reared, lead us to conclude that the best interest of the child will be promoted by committing him to the care and custody of his mother, with the right of the father to visit with him and have custody of the child at regular intervals. Hence, the following

## Order

And now, to wit, January 16, 1948, it is ordered and directed that the writ of habeas corpus be discharged and the custody of the said minor, Robert Dartt, shall remain with the mother, Helene Dartt; provided, however, that said relator, Robert L. Dartt, shall have the right to visit his minor child and have custody of the said child on the second and fourth Saturdays of each month, beginning with the month of January 1948, in

the home of the child's maternal grandmother, at 136½ South Hickory Street, Mount Carmel, Pa. Arrangements have been made that on the occasion when Robert L. Dartt has custody of his child in the home of the child's maternal grandmother, he will have the free and unrestricted use of the home, and of course make arrangements to take the child, under proper conditions, in and around the Borough of Mount Carmel for recreation and amusement. This order of temporary custody to be and remain in effect for a period of six months from this date, with the right reserved to relator to make application for its modification with respect to the temporary custody of the child and likewise with respect to temporary custody of the child for a reasonable length of time during the summer vacation at the close of the school year.