Commonwealth ex rel. Moore v. Moore, Appellant.

Argued October 2, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and GUNTHER, JJ. (ARNOLD, J., absent).

*John Pentz*, with him *Thomas D. Stauffer* and *Pentz & Silberblatt*, for appellant.

*Dan P. Arnold*, with him *D. Edward Chaplin*, and *Chaplin & Arnold*, for appellee.

OPINION BY RHODES, P. J., January 20, 1953:

This is a habeas corpus proceeding involving the custody of a child who was born on June 28, 1949. The proceeding was instituted by the father (relator) to obtain the right of visitation or limited custody of his son. The mother (respondent) left their home in Clearfield, Pennsylvania, with the child, on February 3, 1952, and went to Maryland.

After hearing, the court below awarded custody to the respondent but directed that the child be delivered to relator on the second Monday of each month and returned to respondent the following Sunday.

Respondent has appealed from the order of the court below, and contends that the best interest and the welfare of the child are not served thereby.

The parties were married on April 27, 1946, and until respondent left they resided, with the child, in their home in Clearfield. Relator had no knowledge of her intention to leave. She now resides in Chestertown, Maryland. She apparently has an independent income, and no reason appears why she has decided to live in Maryland. Relator, a prosperous business man, contributes toward the support of their son.

It is conceded that both parents are fit and proper persons to have custody of the child. The parents of relator, with whom the latter is now living in Clearfield, are qualified to look after the child while visiting in their home which is adequate and comfortable. Respondent in her brief states: "There is no question . . . that the physical aspects of the child's environment

will be adequate while he is in the custody of either his father or his mother." It seems that respondent designedly removed the child from their home in Clearfield to Chestertown, Maryland, a distance of 250 miles, in order to make difficult and reduce to a minimum the contact between relator and their child. She testified that she would not permit the child to visit relator in Clearfield for any period, and it appears from the pleadings in this case that if relator had gone to Maryland he would have been confronted with threats of arrest.

There is nothing in the record to indicate that compliance with the order of the court below will be harmful to the child or detrimental to its welfare, as respondent now asserts. On the contrary, there will be promoted, under proper surroundings, a relationship which should exist between father and son. Respondent by her conduct and attitude seems determined to prevent the development of any such normal relationship.

We are of the opinion that the order of the court below does not offend the general rule that the needs of a child of tender years are best served by the mother, the application of which is often an easy solution of the problem without due consideration to the permanent welfare of the child. The order is an effort to make the best out of a situation which, so far as disclosed by the record, is not of relator's creation. In the exercise of our independent judgment (*Com. ex rel. Bachman v. Bradley,* 171 Pa. Superior Ct. 587, 592, 91 A. 2d 379), we believe the court below properly determined that it would not be for the best interest and welfare of the child to allow him to be removed completely from paternal contact and influence. Due to the distance between the present residences of the respective parties, the ordinary provision for right of

visitation would be insufficient to maintain any satisfactory paternal relationship. We have said that normally both parents should see their children, and that estrangement of parent and child should be avoided whenever possible. *Com. ex rel. Timmons v. Timmons,* 161 Pa. Superior Ct. 174, 176, 54 A. 2d 75. If changed conditions adversely affect the child's welfare, further action may always be taken. *Com. ex rel. Burke v. Birch,* 169 Pa. Superior Ct. 537, 543, 83 A. 2d 426.

Respondent's action in this case suggests the wisdom of requiring a bond to secure compliance with the order of the court where duties are imposed on a party who may leave or attempt to avoid the jurisdiction of the court. *Com. ex rel. Fortunes v. Manos,* 140 Pa. Superior Ct. 352, 355, 13 A. 2d 886; *Com. ex rel. v. Strickland,* 27 Pa. Superior Ct. 309, 315.

Order is affirmed.