Commonwealth ex rel. Buell, Appellant, *v.* Buell.

Argued April 18, 1958. Before RHODES, P. J., HIRT, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (GUNTHER, J., absent).

Before ROSSITER, J.

*Clifford H. Kahn*, with him *Quisenberry & Kahn*, for appellant.

*Lindley R. McClelland*, with him *Edward H. Carney*, for appellee.

OPINION BY HIRT, J., June 11, 1958:

In this contest between divorced parents for the custody of their 6-year-old son the court continued cus-

tody in the Family and Child Service, a social service agency, of Erie, where the child originally had been placed by the father. The parties were married in 1950; the child was born on December 12, 1951. The separation occurred on November 1, 1953, when the relatrix left the marital home and went to New York with the intention of making her home there with her sister. Although she left the boy with her husband in Erie, she is not to be charged with abandonment of the child under the circumstances. She could not make a home for the child with her in New York. Cf. *Com. ex rel. Finney v. Murphy*, 175 Pa. Superior Ct. 364, 104 A. 2d 348. After the separation the respondent also had no facilities for caring for the boy in his home and he delivered the child to the above agency with the understanding that the boy would be cared for in a foster home selected by the agency. Ever since the date of the separation the child has been in a private home in Erie which is entirely adequate in every respect, and it is agreed that the child is happy and well cared for there. The father has been meticulous in keeping up his agreed payments for the maintenance of his son. Since the separation the relatrix has come to Erie to see the child about every six months but she continued to live in New York until her marriage to her present husband, P. F. Donaghue in February, 1957. They now live in an apartment in Jersey City where they will continue indefinitely to make their home.

The parties were divorced in February 1955 at the suit of the husband, on grounds of cruel and barbarous treatment, and indignities. Neither the conduct of the wife, however, which supplied the respondent with cause for divorce, nor her lapses from moral standards of conduct (reluctantly referred to by the hearing judge) necessarily stamp her as a mother *presently* unfit to have custody of her child. We agree with the

finding to that effect as well as with all other findings of the court upon which the present order is based; but even if we did not, we would be bound by them. *Com. ex rel. Harry v. Eastridge,* 374 Pa. 172, 97 A. 2d 350.

In all child custody cases the first consideration is the welfare of the child. But in general it may be taken as settled law that unless compelling reasons to the contrary appear, a child of tender years should be committed to the care and custody of its mother. *Com. ex rel. Edinger v. Edinger,* 374 Pa. 586, 98 A. 2d 172. A mother's right to custody however is not absolute and the rule that the needs of a young child should be served by its mother, may not be carried further than the circumstances require. *Com. ex rel. Skurat v. Gearhart,* 178 Pa. Superior Ct. 245, 115 A. 2d 395. Moreover it is important that normal relationships of the child with both parents be maintained and for that reason alone only unusual circumstances can justify the placing of the child beyond the jurisdiction of the court making the order. *Commonwealth ex rel. Balla v. Wreski,* 165 Pa. Superior Ct. 6, 67 A. 2d 595 and the cases cited in the margin, pp. 9, 10, particularly *Com. ex rel. Fortunes v. Manos,* 140 Pa. Superior Ct. 352, 13 A. 2d 886.

Because of her inability to take her son with her after the separation, the relatrix joined with her husband in a consent order of the lower court entered on December 3, 1954, awarding custody of the child to the Family and Child Service agency of Erie, with reasonable rights of visitation in the relatrix. The present proceeding was brought by relatrix to secure a modification of that order in the attempt to secure custody of her child. Relatrix was pregnant at the time of the hearing in this case. We must take it that she now is a proper person to have custody and that the home

in Jersey City provided by her present husband is a proper place to maintain the child. Her husband appeared at the hearing and expressed a willingness to take the child into the home and rear the boy as a member of his family. On the other hand the respondent father is also a proper person to be entrusted with the maintenance of his son and he presently is on the eve of marriage with a suitable person who is willing to care for the boy in an adequate home which will be set up by them.

The present order of September 17, 1957 provides that "the custody of Christopher Buell is continued *for the present* with Mr. and Mrs. Ira Bartlet . . ." (where it had been placed by the Family and Child service agency following the order of December 3, 1954), with the right in the relatrix to have the child with her in Jersey City for specified limited periods. Relatrix had remarried only four months before the date of the order and we agree that the period was too short to demonstrate a successful marriage, in the light of the circumstances. So also the success of defendant's contemplated marriage was not to be assumed. For these reasons the court, wisely in our opinion, considered the order as temporary, with the intention of going into a hearing at some future time when the then circumstances, and the degree of success of each of these marriages may be evaluated.

Order affirmed.