## Darin Unemployment Compensation Case.

Argued April 15, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Arnold D. Wilner,* with him *Wilner, Wilner and Kuhn,* for claimant, appellant.

*Sydney Reuben,* Assistant Attorney General, and *Thomas D. McBride,* Attorney General, with them *Harry J. Rubin,* Deputy Attorney General, for appellee.

*John G. Wayman,* with him *Joseph G. Armstrong, III,* and *Reed, Smith, Shaw & McClay,* for employer, intervenor.

*Lloyd H. Fuge, Marjorie Hanson Matson, Richard M. Moss,* and *Sylvan Libson,* filed a brief for American Civil Liberties Union, amicus curiae.

OPINION BY WOODSIDE, J., December 11, 1958:

Evelyn Darin was denied unemployment compensation by the Bureau of Employment Security, the referee and the Unemployment Compensation Board of Review on the ground that she was discharged from her last employment for willful misconduct connected with her work. See Section 402(e) of the Unemployment Compensation Law of 1936, as amended, 43 PS §802(e).

The representative of the Westinghouse Electric Corporation appeared at the hearing and stated that she was an undesirable employe due to left-wing activities and associations. He stated that she had been identified as a member of the Communist Party by Peter G. Leydon, Francis Nestler and Mary S. Beynon, and that because of the widely publicized charges she had brought discredit upon Westinghouse, and that the employer believed her continued employment in this defense industry was not for the best interests of Westinghouse, its employes, the general public and national security.

The referee then asked the claimant whether she was ever a member of the Communist Party. She refused to answer this question. She contended that it had nothing to do with her case, and persisted in her refusal to discuss the question.

The claimant had been subpoenaed to appear before a Congressional Committee, but she became ill and did not appear. She, therefore, did not invoke the Fifth Amendment before any Congressional Committee and could not have been discharged for such cause.

In *Ault Unemployment Compensation Case,* 188 Pa. Superior Ct. 260, 146 A. 2d 729, we held that this was a proper subject of inquiry under the circumstances of that case. For the reasons set forth in that case we think it was a relevant and proper question which the claimant in this case should have answered.

The employer set forth as its reason for discharging the claimant that there was sworn testimony that she had been a member of the Communist Party and that in an industry such as it conducted, a member of the Communist Party would have an opportunity to seriously endanger national security.

It may well be that a person who had at one time been a member of the Communist Party was not a security risk at the time she was discharged. She had a right to explain to her employer, and to the Unemployment compensation authorities, or at least state to either of them, that she was not presently associated with the Communist Party and, therefore, was not a security risk. Instead of doing this she refused to discuss the matter or to testify concerning it. She refused to state whether or not she was a member of the Communist Party. She thereupon prevented the compensation authorities from obtaining all of the relevant facts to determine whether she had been guilty of the alleged acts of willful misconduct. Being the

claimant she is, therefore, not entitled to unemployment compensation. *Ault Unemployment Compensation Case,* supra.

The claimant here has no right to refuse to give the Board of Review evidence concerning her alleged communistic activities. She was accused under oath of being active in the Communist Party. The accusation was a matter of public record. Her employer being informed of this, discharged her. The testimony of the employer's representative shows that this was the cause of her dismissal. Because she refused to submit to questioning on this before the referee, the person attempting to determine whether or not she was entitled to unemployment compensation, she must be denied compensation.

In this proceeding she is a claimant. The board is charged under the law with determining the relevant facts. Rather than give the board relevant facts concerning her separation from work she claimed that her answers might tend to incriminate her. A claimant cannot tell to the board only those facts which entitle her to compensation and refuse to testify concerning the facts which would show her ineligible for compensation.

The bureau, the referee, and the board arrived at the correct result.

Decision affirmed.