Commonwealth ex rel. Skyanier *v.* Skyanier,
Appellant.

Argued March 19, 1959. Before Rhodes, P. J., Hirt, Gunther, Wright, Woodside, Ervin, and Watkins, JJ.

*I. Finkelstein,* for appellant.

*Samuel C. Tabbey,* with him *Bernard L. Lemisch,* for appellee.

OPINION BY GUNTHER, J., June 10, 1959:

This appeal is from an order of the Municipal Court of Philadelphia, allowing visitation to Maurice Skyanier, father of a five year old daughter.

Maurice Skyanier and Lois Skyanier were married on December 22, 1951, and their daughter Cynthia was born on October 11, 1953. The parents were separated sometime in October 1958, and the wife and child went to live with the maternal grandparents, where they reside at the present time. On November 25, 1958, the father filed a petition for visitation, averring that he had made every effort to see his daughter, but that the mother refused him permission. The lower court, on January 21, 1958, made an order allowing the father to have the child from Friday to Sunday every weekend. The court was of the opinion that the best interest of the child will be served by maintaining a close relationship with both parents.

Has the lower court abused its discretion by making an order allowing the natural father the right of visitation and partial custody of his minor child on each weekend from 4:00 P.M. Friday, to 4:00 P.M. Sunday?

The record discloses that on December 8, 1958, counsel for the respondent stated to Judge KALLICK as follows: "If there can be no reconciliation then I say to you, sir, it is Mrs. Skyanier's position that she wants her daughter to know her father and, as far as possible, to have a normal relationship, as normal as possible with a broken home. Also, the young lady is 5 years of age. I have no objection to the husband seeing his daughter whenever he wants and without limitations."

Both the petitioner and respondent live in the city of Philadelphia. The petitioner seeks custody of the child on weekends to take her to his home, where he is living with his parents. To this arrangement the respondent objects because she blames the petitioner's parents for breaking up her marriage. She contends that her in-laws have a very undesirable effect on her daughter, causing her to become discontented and irritable. Arthur Kahn, father of the respondent, corroborated his daughter's testimony concerning the condition of his granddaughter, when she returns from the weekend visits to the home of the paternal grandparents.

The paternal grandparents and a great aunt testified that they loved the child very much, and denied saying anything to the child concerning her mother, or upsetting her in any way.

There is no question of fitness of either parent in this case.

The lower court found that the respondent did not prove that the visits to the home of the paternal grandparents would not be to the best interest of the child.

The respondent testified that the petitioner loves his child very much, but complained that the child came home from these visits upset and nervous. The doctor to whom the child was taken advised that it could be a form of nervousness and nothing to get alarmed about, because children of her age have such tendencies.

Can the Appellate Court interfere when there has been no abuse of discretion?

In *Commonwealth ex rel. Knouse v. Knouse,* 146 Pa. Superior Ct. 396, 22 A. 2d 618, Judge (now President Judge) RHODES stated as follows: "In this type of case we have recognized that weight is to be given to the fact

that the parties are likely to be known to the lower court, and that it has had a better opportunity to pass upon their ability and character than we have."

Judge WRIGHT, in *Leonard v. Leonard,* 173 Pa. Superior Ct. 424, 98 A. 2d 638, held that although the children were emotionally upset after some of the visits at the court nursery, the Court does not consider this unnatural under the circumstances.

In determining the custody of a child, the normal relationship with both parents should be maintained. *Commonwealth ex rel. Moss v. Moss,* 159 Pa. Superior Ct. 133, 47 A. 2d 534.

In *Commonwealth ex rel. Turner v. Strange,* 179 Pa. Superior Ct. 83, 115 A. 2d 885, Judge WOODSIDE states: "The appellant does not seek complete custody of the children, nor under the evidence would she be entitled to it. She does seek, and is entitled to the right to see her children. She asks that she 'be allowed the privilege of visitation and partial custody of the children one day a week and on alternate holidays.'" On page 87 of the same opinion, the Superior Court added that the lower court, better than we, can determine when, where, and under what circumstances visitations can best be made.

The hearing judge is the one who has an opportunity to observe the witnesses, to judge their motives, to observe their demeanor and to decide wherein lies the best interest of the child involved.

In the case of *Commonwealth ex rel. Moore v. Moore,* 172 Pa. Superior Ct. 255, 94 A. 2d 93, the lower court awarded custody of the child to the wife, subject to the direction that the child be delivered to the father on a specified Monday of each month and returned to the respondent the following Sunday. The order of the lower court was affirmed by this Court.

We agree with the lower court that to sustain the position taken by the respondent in this case would not

serve the best interest of the child. In giving the father of the child the opportunity to see her for only a few hours at the home of the respondent mother would not be to the best interest of the child because of the ill feeling between the mother and father. We fail to see that the lower court abused its discretion in awarding partial custody to the father.

The order is affirmed.

DISSENTING OPINION BY RHODES, P. J.:

Under the circumstances of this case the division of custody of this five-year-old child creates a situation which is contrary to her best interests and welfare. This is demonstrated by the evidence of record and the basic finding made by the court below. Consequently, I am compelled to dissent from the affirmance of the grant of such divided custody.

As said by Judge HIRT in *Com. ex rel. Buell v. Buell*, 186 Pa. Superior Ct. 468, 471, 142 A. 2d 338, 340: "In all child custody cases the first consideration is the welfare of the child. But in general it may be taken as settled law that unless compelling reasons to the contrary appear, a child of tender years should be committed to the care and custody of its mother."

My concern in this case is not with proper visitation by the father, but with the subjecting of this child to the obviously disturbing influence of the paternal grandparents and the virtual elimination of week-end contact between the child and her mother. The order of the court below granted custody to the father on each week-end, beginning at four o'clock on Friday and ending at four o'clock on Sunday, excepting the first week-end of each month. Since the father lives with his parents the child resides at the home of the latter

on these week-end visits. In my opinion this is a most unfortunate and disturbing circumstance in this case. The evidence clearly establishes that the child is emotionally disturbed to the point of physical involvement following each two-day visitation at the home of the father's parents. Overindulgence on the part of the paternal grandparents and their creation of the impression upon the child of the superiority of their home over that of the mother and her parents are vital factors in this unwholesome situation. The court below expressly found that the "child is perturbed by" the divided custody. Notwithstanding this finding the child was ordered to be further exposed to what is obviously a harmful environment, apparently upon the reasoning that said emotional disturbance is an inevitable consequence of divided custody, and that the father should be permitted to have the child with him at the home of his parents because the child lives at the home of the maternal grandparents when she is with the mother. Such reasoning gives consideration to everyone involved except the child whose best interest should be the determining factor. The rights of grandparents or of parents are secondary to the welfare of the child. Moreover, grandparents should not ordinarily attempt to raise their grandchildren; this is the privilege of the parents.

Besides, in this case the child and her mother are virtually deprived of the opportunity to worship together and to relax and enjoy the company of each other in the unhurried atmosphere of a week-end whether at home or visiting proper places of amusement.

The right of visitation of the father is one thing; the exercise of that right at a place detrimental to the well being of the child is another matter. Here the environment into which the father brings the child when

he has custody was clearly shown to be adverse to the best interests of the child. Any order of visitation should avoid the disturbing influence of the paternal grandparents.

I would reverse the order of the court below, and remand the record for the entry of an order to accomplish this objective.