Shoemaker Appeal.

Argued May 28, 1959. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and McBRIDE, JJ.

*James F. Pritchard,* with him *Davis & Pritchard,* for appellants.

*Edward J. Fox, Jr.,* with him *Fox and Oldt,* for appellee.

OPINION BY MR. JUSTICE BELL, July 2, 1959:

Erica Lewis, a minor, now seven years of age, was born on March 31, 1952, in Bryn Mawr, Pennsylvania, the child of Helen Lewis. Helen Lewis had never been married, and the identity of the child's father is unknown. On August 7, 1953, Helen Lewis purchased a home in Upper Mount Bethel Township in Northampton County. On December 8, 1958, Helen Lewis was hospitalized, and Erica was placed with Helen's consent in the custody of Mr. and Mrs. James Shoemaker, who lived on the neighboring farm. Helen Lewis died on December 21, 1958. On January 19, 1959, Mrs. Vivian Elizabeth Weaver, an aunt of Erica by marriage, who lives in Garden City, Long Island, New York, petitioned the Orphans' Court for appointment of herself as guardian of the person of Erica Lewis. At the same time Mr. and Mrs. Shoemaker filed a Notice of Intention to Adopt Erica, in accordance with the Act of June 5, 1941, P. L. 93, §1 as amended.

When the matter came on for hearing, the parties agreed and stipulated that the case be considered in the nature of a habeas corpus proceeding for the custody of Erica. After a full hearing, the Court entered an Order appointing Mrs. Weaver as guardian of the person of Erica and granting her custody of Erica. From this Order the Shoemakers have appealed.

The Act of August 10, 1951, P. L. 1163, Article VII, §703, provides: "In any proceeding for the adoption of a minor or for the appointment of a guardian of his person, the court may award a writ of habeas corpus."

The limited jurisdiction of the Superior Court in Orphans' Court matters was repealed by the Act of May 8, 1956, P. L. 1540. This appeal, like every other appeal from a matter arising in the Orphans' Court, is properly taken to this Court.

This appeal, being in the nature of a habeas corpus proceeding, will be considered by this Court upon the merits: *Commonwealth ex rel. Graham v. Graham,* 367 Pa. 553, 562, 80 A. 2d 829.

It is well settled that the paramount and controlling concern—the polestar—in every child custody case is the best interests and welfare of the child: *Cochran Appeal,* 394 Pa. 162, 145 A. 2d 857; *Commonwealth ex rel. Graham v. Graham,* 367 Pa., supra. In determining what are the best interests and welfare of the child, all the circumstances which may affect that determination are admissible, including, inter alia, the character and fitness of the petitioners, their respective homes, their ability to take adequate care of as well as to financially provide for the child, their church affiliations, and every factor which may affect the physical, mental, moral and spiritual well-being of the child: *Commonwealth ex rel. Graham v. Graham,* 367 Pa., supra, and cases cited therein.

Mr. and Mrs. James W. Shoemaker are lifelong residents of Upper Mount Bethel Township. They have been married for ten years and have no children. He is 31 years of age and a farmer. She is 26 years of age. They own a very prosperous 80 acre dairy farm, including an eight room modern residence containing three bedrooms. Both of them are and have been active, regular church members. He is the Sunday School Superintendent of the Baptist Church. He is a leader in their community, and both of them are highly respected.

The Shoemakers knew Helen Lewis and Erica for a period of five and a half years, during which time

they sold milk and spoke to them nearly every other day. The Shoemakers have desired to adopt children for some time, and as soon as they learned of Helen Lewis' death on December 21, 1958, they informed their doctor that they wished him to take immediate steps to enable them to adopt Erica. They love Erica very much and she apparently reciprocates this love, calling Mr. Shoemaker "Dad" and Mrs. Shoemaker "Mom". During the six months that Erica has been living with the Shoemakers, she has greatly improved in appearance, in neatness, in cleanliness, in her school work and in her ability to get along with other children.

Erica Lewis' closest relatives are Mrs. Jane Kough of Newton, Iowa, a great-aunt, 78 years of age, who has never seen or contacted Erica; and Mrs. Weaver, the appellee, who is an aunt-in-law, 43 years of age and lives with her husband in a five bedroom home in Garden City, Long Island, New York. The Weavers have five children. Three of these children, ages 17, 15 and 14 respectively, are those of Mrs. Weaver by a prior marriage to Levi Lewis, a deceased brother of Helen Lewis. Mr. and Mrs. Weaver are the parents of two children, aged 3 years and 8 months respectively.

If all other factors are approximately equal, the Courts should prefer a resident to a non-resident guardian and custodian, since the former is more amenable to the Court's continuous watchful eye, supervision and control: *Commonwealth ex rel. Fortunes v. Manos*, 140 Pa. Superior Ct. 352, 354, 13 A. 2d 886; *Commonwealth ex rel. Hubbell v. Hubbell*, 176 Pa. Superior Ct. 186, 192, 107 A. 2d 388; 27 Am. Jur., Infants, §109, p. 831.

Mrs. Weaver had not seen Helen Lewis since April 11, 1949, nor made any effort to contact her since that time. She never told her husband of the existence of Helen Lewis or of Erica. She did not know Erica's name, and never saw her until the middle of January,

1959. She did not attend Helen Lewis' funeral. She never has sent a Christmas card or a post card or a present to Erica, and she showed not the slightest interest in Erica's existence until nearly one month after the death of Helen Lewis. Mr. Weaver has never yet seen Erica and his fondness for the child is apparent when he testified "I think when there are five children already, one more will not be an intolerable burden." Both the Shoemakers and the Weavers have nice homes, and each family is qualified by character and reputation to have the custody of Erica. However, the above summary demonstrates, without the necessity of referring to any authorities, that the best interests and the welfare of Erica would be in the community where she has always lived and in the custody of the Shoemakers who have demonstrated their affection and love for her.

The Order of the Court appointing Vivian E. Weaver guardian of the person of Erica Lewis during her minority is vacated, and the custody of Erica Lewis is hereby awarded to James W. Shoemaker and Doris E. Shoemaker. Each party shall pay their respective costs.