Commonwealth ex rel. Shoemaker *v.* Shoemaker, Appellant.

Argued September 19, 1967. Before WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ. (ERVIN, P. J., absent).

*Robert B. Surrick*, with him *Cramp & D'Iorio*, for appellant.

*Murray S. Eckell*, with him *Ronald W. Shipman*, and *Eckell, Sparks & Monte*, for appellee.

OPINION BY MONTGOMERY, J., November 16, 1967:

The appellant, father of two sons age six and eight, appeals from an order awarding custody of them to their mother, and from a second order refusing to strike arrearages which had accumulated on an order on the appellant for their support.

Two questions are submitted to us. The first is whether the court below had jurisdiction of the support matter at the time the aforesaid order relating to it was made. The second is whether the "tender years Doctrine" was properly recognized in awarding custody to the mother in light of the fact that she was a

French National who planned to remove the children to Spain where the environmental circumstances in which they were to reside would not be as favorable as those of the father in Delaware County, Pennsylvania.

Appellant raises the question of jurisdiction in the support matter for the reason that an order for support had been entered in a contested divorce action between the parties in the Kingdom of Morocco subsequent to the time the original support order was made by the Delaware County Court; and secondly, because the Delaware County Court had recognized its lack of jurisdiction at the time a previous petition filed by appellant to vacate the original support order had been denied, which order of refusal was not appealed.

When these matters first came before the lower court the parties permanently resided in Media, Delaware County, Pennsylvania. That court awarded the children to the mother and directed the father to pay $75 per week for the support of the mother and children. Later the mother was granted permission to take the children to France to live there with her family, the father to have custody during the months of July and August; and the order of support was reduced to $55 per week. This order was later amended to permit the mother to take the children to Casablanca, Morocco. However, because the mother refused to honor that part of the order providing for custody to be in the father during the summer months, Judge VAN RODEN of the Delaware Court, on December 18, 1964 entered an order removing custody from the mother and giving it to the father. Apparently this was done without a hearing or notice to the mother. Subsequently, in November, 1966 the father succeeded in having the Supreme Court of Spain honor this order, which court compelled the return of the children to their father who immediately brought them back to

Delaware County, Pennsylvania. In the interval between July 1, 1964 when appellant went to Morocco to secure custody of his children and November, 1966 when he regained custody of them through the Spanish Court, the parties had been divorced in Morocco, as previously stated. The divorce action was commenced on July 30, 1964 and the final decree is dated July 11, 1966. All during this period the support order made by the Delaware County Court remained in force but unpaid. Appellant's first petition to vacate it was denied July 30, 1965 but on September 8, 1966 it was suspended as of July 7, 1966 on a second petition, with the arrearages remaining. A third petition to cancel the arrearages was denied on May 22, 1967. One of the appeals before us is from that order. No appeal was taken from the order of July 30, 1965 or of July 7, 1966.

Subsequently cross-petitions were again filed for custody of the children and on August 7, 1967 Judge VAN RODEN, after numerous hearings, again awarded their custody to the mother with authority to remove them to Alicante, Spain, but with a proviso that the father would have custody of them for the months of December, June, July and August of each year. The father's appeal from this award of custody is the other appeal now before us.

## Custody

This has been a difficult and vexatious case for all who have been concerned with it. The problems have been due in a large measure to the differences between the parents in nationality, religion, financial circumstances and dispositions. However, as we review the record, it has been given extremely careful consideration by the lower court which has gone to the limit of good judgment and understanding to accomplish the

desired results, i.e., the welfare of these two children. We see no reason to disturb the disposition of the matter made by Judge VAN RODEN except in one particular.

From the oral arguments and briefs of both able counsel we have been led to believe that it was desired that this Court use its judgment to improve the situation if possible. With that in mind, we inquired about the matter of education and learned that the periods of temporary custody awarded to appellant will interfere with the regular school attendance of these two boys when they are permitted to return to Spain under the order of Judge VAN RODEN. The regular school year in Alicante, Spain, where the boys will attend school, starts about the first of October and terminates near the end of June, with the Christmas and New Year vacation extending from about December 24 until January 8, and the Easter vacation starting about April 4 and ending April 19. Since the June and December periods of temporary custody awarded to appellant will interfere with the school attendance of the boys during most of those months, the order of the lower court should be amended to eliminate those months from appellant's period of custody and his summer privilege amended so as to extend from July first to September thirtieth of each year specified in the order of Judge VAN RODEN.

## Arrearages

We are in accord with the conclusion of Judge DIG-GINS as expressed in his opinion, that the matter of arrearages having been resolved previously when appellant's earlier petition to suspend the order and vacate the arrearages was denied as to the arrearages and they were certified to the common pleas court for the entry of judgment thereon, from which action no

appeal was taken, the same issue may not be raised again by a renewal of the petition. The doctrine of res judicata forbids it. *Commonwealth ex rel. Kreiner v. Scheidt*, 183 Pa. Superior Ct. 277, 131 A. 2d 147 (1957). We have elected to decide this issue in the manner just stated rather than quash the appeal on appellant's alleged flagrant contempt of a subsisting order, which procedure was approved in *Commonwealth ex rel. Goodwin v. Goodwin*, 413 Pa. 551, 198 A. 2d 503 (1964).

In Appeal No. 650 the order of May 22, 1967 refusing to cancel arrearages of support payments is affirmed.

In Appeal No. 1005 the record is remanded to the lower court for the amendment of the order of August 7, 1967 in keeping with the suggestion contained in the foregoing opinion and the present situation of the children so as to avoid any unnecessary interruption or disturbance of their educational programs in transferring from the schools of Delaware County to the schools of Alicante, Spain.

Ervin, P. J., took no part in the consideration or decision of this case.