Commonwealth ex rel. Parikh, Appellant, *v.* Parikh.

Argued April 12, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Charles R. Taylor, Jr.,* with him *John P. McComb, Jr.,* and *Moorhead & Knox,* for appellant.

*George W. Shields,* with him *Shields & Washington,* for appellee.

OPINION BY HOFFMAN, J., June 22, 1971:

Nayana Samat Parikh, appellant, filed a petition for a writ of habeas corpus seeking custody of her two-year old son. Appellant and her husband, appellee, are both citizens of India, who have been granted visas to remain in the United States. They were married on

March 13, 1967 in Ahmedabad, India and in June of that year left for the United States and took up residence in Pittsburgh. Their son, Rajeev, was born in Pittsburgh.

In August of 1969 appellee returned to India to visit his parents, after learning that his father was ill. Approximately a month later, his wife and son followed him to Ahmedabad. After the family was reunited, the marriage relationship began to deteriorate. As a result of disputes between the parties, appellant returned to stay with her parents.

In order to resume his employment in the United States, appellee returned to Pittsburgh with the child, while appellant continued to reside with her parents in Ahmedabad. Though the parties corresponded, no reconciliation could be effectuated; appellant eventually returned to this Country and brought the instant action for a writ of habeas corpus.

Hearings were held and the trial judge awarded custody of the minor child to the husband-appellee. The court found that "[t]he father has been steadily employed in the United States and earns sufficient income to support his family. . . . In the event that custody of Rejeev is awarded to his mother, she will return to India to live with her parents. The maternal grandparents are wealthy by Indian standards and enjoy a high standing in the community. . . . A counselor of this court visited the apartment where Rejeev presently resides with his father. The boy lives in a five-room, air-conditioned apartment which is adequate for the entire family. . . . While [appellee] is at work, Rajeev is cared for by a woman who has three school-age children of her own and who resides at the same apartment building. . . . The father cares for the child in the evenings and on weekends; the father prepares his meals and does not go out without his son either on

weekends or in the evenings; the father does the laundry for himself and his son. . . . The mother has displayed some indifference and lack of affection to her son. . . . The father demonstrated his deep affection for his son; devotes all the time which he has available to his son; and performs the most menial tasks required for the care and maintenance of the infant." On the basis of these findings the court awarded custody of the child to his father.

In awarding custody, the primary consideration is always the best interest of the child. See, e.g., *Commonwealth ex rel. Mitchell v. Mitchell*, 186 Pa. Superior Ct. 347, 142 A. 2d 304 (1958). In determining the best interest of the child, for many years the courts of this Commonwealth have applied the principle of law that has come to be known as the "tender years" doctrine. *The Commonwealth against Addicks and Wife*, 5 Binney 520 (1813); *Commonwealth ex rel. Pukas v. Pukas*, 164 Pa. Superior Ct. 488, 66 A. 2d 315 (1949); *Commonwealth ex rel. Ackerman v. Ackerman*, 204 Pa. Superior Ct. 403, 205 A. 2d 49 (1964). It is thus clearly the law in Pennsylvania that "[u]nless compelling reasons appear to the contrary, a child of tender years should be committed to the care and custody of its mother, by whom the needs of the child are ordinarily best served. . . . One of the strongest presumptions in our law is that a mother has a prima facie right to her children over any other person." *Commonwealth ex rel. Fox v. Fox*, 216 Pa. Superior Ct. 11, 13, 260 A. 2d 470, 470-471 (1969), citing *Commonwealth ex rel. Logue v. Logue*, 194 Pa. Superior Ct. 210, 215, 166 A. 2d 60, 63-64 (1960).

The presumption in favor of the mother may be overcome where the compelling reasons for such a result clearly appear on the record. In the instant case no such reasons have been shown. The trial court found

that "[t]he mother has displayed some indifference and lack of affection for her son." However, the judge made no specific findings on this point and an examination of the record convinces us that, even accepting all of the father's allegations as true, appellant's actions do not constitute the type of impediment that is necessary to overcome the "tender years" doctrine. Cf., e.g., *Janflone v. Janflone*, 219 Pa. Superior Ct. 194, 280 A. 2d 423 (1971) (CERCONE, J.); *Commonwealth ex rel. Oliver v. Oliver*, 165 Pa. Superior Ct. 593, 69 A. 2d 445 (1949).

The only other allegation that might have affected the trial court in making its decision, is the testimony by appellant that she desires to return with her child to her parents' home in India. However, in a child custody case, the fact that the child will be removed to a place outside the Commonwealth is not controlling. *Commonwealth ex rel. Ackerman v. Ackerman*, supra; *Commonwealth ex rel. Buckner v. Barr*, 173 Pa. Superior Ct. 124, 95 A. 2d 355 (1953).

In addition, it is undisputed that appellant's son will be adequately provided for in India. Appellant's parents are very wealthy by Indian standards, as appellant's father is a prominent and prosperous merchant. Appellant's parents enjoy an excellent social standing and have said that they want to assist appellant financially or otherwise in raising her child. They live in a large home in Ahmedabad,[1] a city of over one million persons, which has good medical facilities and good schools. It should be noted that this is the city from which both appellant and appellee came and where they both received their undergraduate training.

---

[1] Appellant was asked what sort of house her parents occupied. She answered that her "parents have a seven room big house, it is 1,000 square yards of land and we have two servants."

Although Ahmedabad, India is far from Pittsburgh, Pennsylvania and the distance is a detriment to frequent visitation by the father, we do not believe that it is such an obstacle as to deny the mother her child. Such a result is contrary to the "tender years" doctrine, so firmly established in the law of this Commonwealth.

The order of the lower court is reversed and custody is awarded to appellant.

WRIGHT, P. J., WATKINS and JACOBS, JJ., would affirm on the opinion of the court below.