Davidyan *v.* Davidyan, Appellant.

Argued December 4, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH, JJ. (SPAULDING, J., absent).

*Nathan L. Posner,* with him *Howard R. Flaxman,* and *Fox, Rothschild, O'Brien & Frankel,* and *Philip D. Weiss,* and *McTighe, Brown, Weiss, Bonner & Stewart,* for appellant.

*Arthur R. Littleton,* with him *Morgan, Lewis & Bockius,* and *William P. Manning, Jr.,* and *Wright, Spencer, Manning & Sagendorf,* for appellee.

Opinion by Hoffman, J., August 8, 1974:

This is an appeal from a conditional order granting custody of a minor child to the appellee.

The parties have been separated since January 14, 1973, when the appellee Frances Gay Davidyan refused to return from Scotland where the family had been spending their Christmas vacation. Having her doubts as to the success of her marriage, she remained in Scotland with her eight-year-old son, whom she enrolled in school. After repeated attempts to reunite the family, the appellant Gail Kurt Davidyan, without informing his wife, went to the school and took his son with him to France. When the appellee refused to join them in France upon hearing of the incident, the appellant returned to Philadelphia with his son. On July 5, 1973, the appellee instituted a habeas corpus action in the Court of Common Pleas of Montgomery County.

Only the appellant and appellee testified in the court below. Finding that both parents could equally provide a good home for the child, the court, relying on the "tender years' presumption," awarded custody to the mother. In so doing, the court, however, made its order conditional.

"The mother shall take custody of the boy from the father on August 16, 1973 in order that she can return with him to her home in Scotland, provided she posts security with the Prothonotary . . . , as well as the submission to this Court of evidence *from the Court of competent jurisdiction over such cases in Dumbartonshire, Scotland,* wherein the mother will reside with the minor subject of this proceeding, *that such Court recognizes the retention of jurisdiction over both the cause and the parties hereafter."* (Emphasis added).

Before the conditions of the Order of Court could be satisfied, the parties took an appeal to this Court. Pending appeal, a Barrister's Opinion was made part of a Supplemental Record reflecting the educated be-

lief of a group of Scotch barristers that, while no procedure was available under Scotch law whereby a Scotch court would provide "evidence" that it "recognizes the retention of jurisdiction" by a Pennsylvania Court, the unified "opinion" was that a Scotch court would regard the jurisdiction of the Montgomery County courts as "pre-eminent", unless immediate emergency relief became necessary.

After reviewing the record in this case, it is obvious to this Court that "fitness" was not a significant factor in making the award of custody conditional. Consistent with the "tender years' presumption", the lower court, determining that both parties were equally capable of providing the minor child with a happy, healthful home, awarded custody to the natural mother.[1] The conditional nature of the order, however, reflects a concern that geographical distance should not erode or nullify the rights of the father to continue in a meaningful relationship with his son. This position is not without a mass of precedent holding it against public policy and repugnant to the best interests of minor children, to damage the normal relationship of a child with both parents, denying the child of the affections and counsel of one of the parties. *In re Duckworth,* 188 Pa. Superior Ct. 232, 146 A. 2d 365 (1958); *Commonwealth ex rel. Skyanier v. Skyanier,* 190 Pa. Superior Ct. 56, 151 A. 2d 817 (1959).

In *Commonwealth ex rel. Moore v. Moore,* 172 Pa. Superior Ct. 255, 94 A. 2d 93 (1953), our Court upheld

---

[1] The record reveals that upon returning the child to Philadelphia, the father, who is a business executive earning approximately $35,000.00 yearly, enrolled the child in the exclusive Shipley School in Bryn Mawr. The home in which the child is now residing is roomy and quite adequate for the child's needs. It appears the child is happy and has many friends in the neighborhood. The apparent love of the father equally rises to the love of the mother for this child.

a lower court order awarding custody to the natural mother of a minor child. In affirming, the Court approved the direction of the hearing judge that the mother residing in Maryland, deliver to the father living in Clearfield County, Pennsylvania, (the marital domicile) the minor child for visitation one week out of each month. Recognizing that custody had been awarded to the mother because of the "tender years' presumption", and that both parties were equally fit to care for the child, President Judge RHODES, writing for the Majority, stated at 257-258: "We are of the opinion that the order of the court below does not offend the general rule that the needs of a child of tender years are best served by the mother, the application of which is often an easy solution of the problem without due consideration to the permanent welfare of the child. The order is an effort to make the best out of a situation which, so far as disclosed by the record, is not of relator's [father's] creation. In the exercise of our independent judgment . . ., we believe the court below properly determined that it would not be for the best interest and welfare of the child to allow him to be removed completely from paternal contact and influence. Due to the distance between the present residences of the respective parties, the ordinary provision for right of visitation would be insufficient to maintain any satisfactory paternal relationship. We have said that normally both parents should see their children, and that estrangement of parent and child should be avoided whenever possible. Commonwealth ex rel. Timmons v. Timmons, 161 Pa. Superior Ct. 174, 176, 54 A. 2d 75. If changed conditions adversely affect the child's welfare, further action may always be taken."

In the instant case, the mother wishes to take the child to live with her in Scotland. Apprehensive of the possibility that the father should cease to be an influence on the child's development, and believing that

maintenance of that relationship could only be insured by assurance from the Scotch court that it would recognize "the retention of jurisdiction" by the Pennsylvania courts, the hearing judge imposed the conditional order now before us. We do not believe that it is our function to question the express mandate of the order, or to minimize the concern of the lower court in imposing the conditions therein. We recognize the right of a hearing judge to exercise his discretion in awarding custody to a parent who wishes to take up permanent residence in a foreign country. We, however, are likewise reminded of a significant body of law which views a resident as preferable to a non-resident.

As our Supreme Court said in the *Shoemaker Appeal*, 396 Pa. 378, 382, 152 A. 2d 666 (1959): "If all other factors are approximately equal, the Courts should prefer a resident to a non-resident guardian and custodian, since the former is more amenable to the Court's continuous watchful eye, supervision and control." While this Court has questioned the logic or justification of this jurisdiction resolving custody disputes on the basis of the desire of one of the parties to remove a minor child to the jurisdiction of a "sister state", *Augustine v. Augustine*, 228 Pa. Superior Ct. 312, 324 A. 2d 477 (1974), we are, perhaps, faced with a more compelling and more evasive situation where the visitation rights of a resident parent are imperiled by a parent wishing to remove the child to a foreign country. See, e.g., *Commonwealth ex rel. Parikh v. Parikh*, 449 Pa. 105, 296 A. 2d 625 (1972).

The dissenting opinion in the instant case emphasizes the fact that neither party has raised the question of jurisdiction nor attacked the appealability of the order. Citing 17 P.S. §211.503(a), the dissent urges that this Court exercise its discretion to hear the matter so that an ultimate determination can be reached. We are aware that a matter concerning the welfare of

a minor child is of great importance and should obtain speedy resolution. The record, however, is devoid of a clear expression of the lower court that absent actual compliance with the conditions set in its order it would accept "substantial compliance" by an "opinion" from a group of local barristers. Because we must concern ourselves with the best interests of this child, and because we are not faced by the parties themselves but see only a cold record of the lower court proceedings, we do not believe that expediency should take the place of our duty to consider what is in this child's best interests. While the lower court may very well accept the Barrister's Opinion in satisfaction of its condition, it should be a matter for the hearing judge.

A remanding of this case to the court below is necessitated for two important reasons: (1) As we have often stated it, the trial judge is in a better position to pass upon the ability of the parties, their fitness and the approximate equities, and in all matters of custody ". . . the credibility of witnesses and the weight to be given to their testimony by reason of their character, intelligence, and knowledge of the subject can best be determined by the judge before whom they appear . . . ." *Commonwealth ex rel. Harry v. Eastridge*, 374 Pa. 172, 177, 97 A. 2d 350, 352 (1953) ; and, (2) since the visitation rights of the father may be seriously affected by the removal of the minor child from this country to Scotland, public policy requires that "the clearest kind of evidence" and an *unambiguous* order of custody be entered before we may affirm such determination. See, e.g., *Commonwealth ex rel. Lotz v. Lotz*, 188 Pa. Superior Ct. 241, 146 A. 2d 362 (1958) ; *Commonwealth ex rel. Heller v. Yellin*, 174 Pa. Superior Ct. 292, 101 A. 2d 452 (1953).

Because of the great interest a state has in supervising and protecting the interests of minor children in custody disputes, "substantial compliance" may not take

the place of actual compliance of a conditional order, unless the lower court says so. If procurement of an advisory opinion is inconsistent with the law or policy of the Scotch court, it is for the lower court, which has received the evidence supportive of the respective positions of the parties, that should enter the final order in light of all the evidence and the equities involved in the particular matter.

Under the circumstances, we exercise our power to raise *sua sponte* the lack of jurisdiction in a case before us, 17 P.S. §211.503(a), and declare the conditional order to be interlocutory and unappealable.

Appeal quashed, and the matter is remanded to the lower court for its own determination in light of the circumstances.

WRIGHT, P. J., took no part in the decision of this case.

SPAULDING, J., took no part in the consideration or decision of this case.

———

DISSENTING OPINION BY SPAETH, J.:

I dissent for two reasons. First, the order of the court below was conditional only with respect to taking the child to Scotland, not with respect to the award of custody to the mother. Second, even if the order of the court below is conditional in both respects, this court should exercise its discretion to allow the appeal to be decided.

The order reads in relevant part as follows:

"[I]t is ORDERED that custody of the minor subject of this proceeding . . . is awarded to his mother . . . subject to the following rights of visitation in the father . . . .

"The mother shall take custody of the boy from the father on August 16, 1973 in order that she can return with him to her home in Scotland, provided she posts

security . . . as well as the submission . . . of evidence from the Court . . . in . . . Scotland . . . that such Court recognizes the retention of jurisdiction over both the cause and the parties hereafter."

I agree with both parties that the first quoted paragraph of this order is final; only the second quoted paragraph is conditional.

It has been the contention of both parties at the hearings before Judges HOFFMAN and SPAETH on appellant's petition for supersedeas and at oral argument before this court that this order is final with respect to custody of the child. The father filed this appeal and urged this court to take jurisdiction; in doing so we entered an order forbidding the mother to take the child out of the country. By filing this appeal, the father removed the record from the court below, thus stripping it of its power to act further in the matter. It is clear that if the mother gets complete control over the child she will return with him to Scotland; thus any delay—including the quashing of his own appeal— acts in appellant's favor.

It should be stressed that even if the order were to be viewed as non-final, and the appeal as interlocutory, since appellee has filed no objection to jurisdiction, this court has discretion to hear the case. *See Commonwealth v. Rucco,* 229 Pa. Superior Ct. 247, 324 A. 2d 388 (1974) (recognizing that we have jurisdiction which "we may, in our discretion refuse to exercise" when appellee does not object).

"The failure of an appellee to file an objection to the jurisdiction of an appellate court on or prior to the hearing of the appeal, or within such earlier time as may be specified by general rule or rule of court, shall, *unless the appellate court shall otherwise order,* operate to perfect the appellate jurisdiction of such appellate court, *notwithstanding any provision of this act,* or of any general rule adopted pursuant to section 505 of this

act, vesting jurisdiction of such appeal in another appellate court." The Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P. L. 673, No. 223, art. VI, §503(a), 17 P.S. §211.503(a) (Supp. 1974) (emphasis supplied). Appellee has not raised any objection to our jurisdiction. Indeed, like appellant, she has urged us to take jurisdiction.

Our discretion would be better exercised by not quashing this appeal. Our order to quash is itself a final order which can be appealed to the Supreme Court, thus causing added delay. Even if the case is remanded to the lower court and a final order entered immediately, further appellate review might well take at least another year to reach a final determination. I agree with the majority that the "State has [great interest] in supervising and protecting the interests of minor children in custody disputes." In my view, a decision to quash is not consistent with that interest. We should act with greater dispatch once a complete record has been developed.

This is particularly true when, as here, an examination of the record discloses no issue of substance.

Appellee apparently likes to travel. She once took off on a five-week trip on her own, a fact of which appellant tried to make a great deal. While she was gone the child was cared for by the regular family housekeeper, a mature woman who lives in the home. It is difficult to see how the failure of the court below to find appellee's conduct shocking or indicative of such immaturity as to render her an unfit parent was error or showed a disregard for the best interests of the child.

Nor was it error for the court to refuse to hear testimony regarding appellee's allegedly excessive spending habits. As it is, the record indicates liberal spending habits by both parties. There is evidence of the ownership of two expensive foreign cars, annual family

holidays in Europe (two to four a year), private schooling for the child, the large family home in Gladwyne with gardens and a swimming pool, and appellee's Scottish residence and summer house. Clearly, both parties are well-to-do and accustomed to spending money. To get into the realm of what was "extravagant" under the circumstances was not relevant to deciding the best interests of the child.

Appellant also argues that he should have been allowed to question appellee on the reasons for their separation. There is nothing to indicate that any evidence in this regard relevant to appellee's lack of ability to raise the child would not have been admitted had it been offered.[1] The mere fact of a separation does not necessarily indicate problems in raising a child. Fitness as a parent and fitness as a spouse are two different things, and conduct bearing on the latter is not relevant in a custody case unless it also bears on the former. At no time did the hearing judge limit examination on the issue of appellee's fitness as a parent.

It is evident that the court below was faced with two good parents and no way of choosing between them. "If, after a full development of the record, the hearing judge finds that the interests of the child would be equally served by granting custody to either litigant, custody should be awarded to the child's natural mother." *Commonwealth ex rel. Grillo v. Shuster,* 226 Pa. Superior Ct. 229, 236, 312 A. 2d 58, 62 (1973).

The fact that appellee intends to take the child to live in Scotland does not compel a different result. In any child custody case in which geography is a consideration with regard to the ability of one parent to see

---

[1] The record is not silent on what appellant was trying to prove: "[W]e think that what she intends to do with the child [*i.e.,* to take him to live in Scotland] indicates a present unfitness." As will be indicated *infra.,* this statement does not accurately reflect the law, and the hearing judge was properly unimpressed by it.

the child, the fact that the child may be removed from the Commonwealth is a factor, but it is by no means the controlling factor. *Commonwealth ex rel. Parikh v. Parikh,* 219 Pa. Superior Ct. 240, 280 A. 2d 621 (1971), *rev'd on other grounds,* 449 Pa. 105, 296 A. 2d 625 (1972); *Commonwealth ex rel. Ackerman v. Ackerman,* 204 Pa. Superior Ct. 403, 205 A. 2d 49 (1964); *Commonwealth ex rel. Buckner v. Barr,* 173 Pa. Superior Ct. 124, 95 A. 2d 355 (1953). The purpose of the general proposition that the court will hesitate to place a child outside its jurisdiction is to insure that a normal relationship with both parents will be maintained. *Commonwealth ex rel. Buell v. Buell,* 186 Pa. Superior Ct. 468, 142 A. 2d 338 (1958); *Commonwealth ex rel. Hubbell v. Hubbell,* 176 Pa. Superior Ct. 186, 107 A. 2d 388 (1954); *Commonwealth ex rel. Balla v. Wreski,* 165 Pa. Superior Ct. 6, 67 A. 2d 595 (1949). In certain cases custody has been granted to a parent living as far away as the State of Washington, *Commonwealth ex rel. Buckner v. Barr, supra,* Venezuela, *Commonwealth ex rel. Skurat v. Gearhart,* 178 Pa. Superior Ct. 245, 115 A. 2d 395 (1955), and Spain, *Commonwealth ex rel. Shoemaker v. Shoemaker,* 211 Pa. Superior Ct. 188, 235 A. 2d 455 (1967).

Scotland is neither an uncivilized nor remote area of the world. It is the home of appellee and her family, and the child has lived there. The order of the court below provides that travel expenses for the child to visit appellant are to be borne equally by the parties. Although one may agree with appellant that the normal father-son relationship will probably be weaker if the child lives in Scotland than it would be if appellant were granted custody, the same may be said of the normal mother-son relationship if the child were to live here. To condition appellee's custody on her remaining here, as appellant suggests, would be to use the child to force appellee into a situation unreasonable as to her

and of no advantage to the child. There is no evidence that appellee is attempting to alienate the child's affections for appellant. No doubt the arrangement provided by the order of the court below is not satisfactory to him, but it recognizes his interests and places no financial hardship on him. Custody orders seldom are satisfactory to both parties.

The only remaining issue is with respect to the effect of the condition in the order of the court below that appellee shall submit "evidence from the Court . . . in . . . Scotland . . . that such Court recognizes the retention of jurisdiction over both the cause and the parties hereafter."

I have already explained at the beginning of this opinion why in my view this condition should not delay disposition of this appeal. As has been mentioned, appellant appealed before the required assurance from a Scotch court could be obtained. However, pending argument of the appeal appellee received from two barristers in Scotland an opinion to the effect that there is no procedure available under Scotch law whereby a Scotch court can provide "evidence" that it "recognizes the retention of jurisdiction" in a court in another jurisdiction.[2] The barristers' opinion concludes, however, that a Scotch court will regard the jurisdiction of the Montgomery County Court as pre-eminent to its own in questions of custody of this child, and will give its assistance in enforcing any decree of the Montgomery County Court although the child is a resident of Scotland unless there is reason to apprehend immediate danger of injury, physical or moral, to the child while in Scotland. The barristers recite that they are unaware of any reported case in which a Scotch court has refused to give effect to or enforce a decree of the court

---

[2] This opinion became part of the record before this court when it was filed as part of appellee's Petition to Amend the Supersedeas.

of the domicile. This opinion, which appellant has not challenged, is in substantial compliance with the condition imposed by the order of the court below. There appears to have been an attempt to change that order after the appeal to this court was filed. This procedure was technically incorrect, but it is not necessary to delay this case any further over the mere form of the order. We have the power to affirm and modify the order.[3] That is what I think we should do.

WATKINS, P. J., joins in this dissent.

---

[3] This court has the power to modify any order, including one in habeas corpus, brought before it for review. Act of July 31, 1970, P.L. 673, No. 223, art. V, §504, 17 P.S. §211.504; *Commonwealth ex rel. Holschuh v. Holland-Moritz*, 448 Pa. 437, 443 n.4, 292 A. 2d 380, 383 n.4 (1972).