## Commonwealth ex rel. Holschuh *v.* Holland-Moritz et ux., Appellants.

Argued June 15, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Leon Ehrlich,* for appellants.

*Walter M. Diener, Jr.,* for Commonwealth, appellee.

OPINION BY MONTGOMERY, J., September 21, 1971:

This is a custody case in which a mother of two boys of tender years seeks to remove them from the custody of her mother and father, whose lives and environment exemplify a conservative way of life, in order to place them in her own environment, which may be

considered by some of our citizens as modern because it represents, among other things, rebelliousness against conventional morality and an almost total lack of inhibitions.

The petitioner is well educated and is divorced from the father of the boys, whose ages are ten and eleven. She has adopted marijuana as a substitute for alcohol and she elects to live with various men as her desires indicate, without the blessing of marriage.

Realizing that the welfare of their sons required that they live with someone other than herself and her husband, petitioner and her husband placed them in the custody of petitioner's mother and father in June, 1965, which was before petitioner and her husband, separated. The children have resided with the maternal grandparents (respondents herein) on a farm in Berks County ever since and have enjoyed superior accommodations there and they prefer to remain with their grandparents. Both children attend a private school, Wyndcroft School, in Pottstown, Pennsylvania.

The foregoing facts relating to the life of the petitioner are not in dispute, and her way of life is described by the lower court as "a misguided exploration" which, as we read this record, has not ended. All we can see is a promise by her that, if awarded her children, she will change her manner of living and that the presence of her sons will enable her to do so. This promise should not have been given the weight the lower court apparently gave it, since on occasions in the past during visitations of the children with petitioner in her home, her male companion continued to stay there. The welfare of these children should not be jeopardized by using them as the ingredients for such an experiment. Unless compelling reasons appear, it will be deemed that the best interests of children of tender years require that they be committed

to the care and custody of their mother. *Commonwealth ex rel. Buell v. Buell,* 186 Pa. Superior Ct. 468, 142 A. 2d 338 (1958). A flagrantly immoral environment does appear to us to be such a compelling reason. An exhaustive report in evidence, Exhibit No. 2, made by the Family Relations Division of the Superior Court of the State of Connecticut discloses many things, not the least of which is the statement made by petitioner, ". . . that while she will not change her way of life, she would be discreet in her relationships for the sake of her sons."

We hesitate to characterize the petitioner as an unfit mother and to conclude that she should not have her children for that reason. On the contrary, we will deny her custody because she has not established an environment where their welfare will be promoted. Until she does so to the satisfaction of this Court, the children should continue to live in the environment they presently enjoy.

Order awarding custody to appellee-mother reversed and petition dismissed.