Concussing Opinion by
Cercone, J.:
This is an appeal from a decision of the Family Division of the Court of Common Pleas of Philadelphia awarding custody of a seven-year-old child, Kathryn Wells, to her natural father, appellee.
The appellant in this case is the natural mother of Kathryn. She and appellee were married on January 14, 1964 and divorced on April 29, 1970. Kathryn, the only child born of the marriage, was born October 19, 1964. Both appellant and appellee subsequently remarried ; appellant married Thomas Nevin on June 13, 1970 and appellee married Theresa Wells on September 26, 1970. The Nevins have two children from their *100 marriage. There have been no children born of Mr. Wells’ remarriage.
When Kathryn’s parents separated she remained with her mother. Her father, by agreement, was given regular Sunday visitation privileges. It was on one of these Sunday visits (September 19, 1971) that her father, discovering that Kathryn had been struck on the buttocks with a strap by Mr. Nevin, decided not to return her to her mother’s care.
A petition for a writ of habeas corpus was filed by the mother and after a hearing before the Honorable James L. Stern, custody of the child was awarded to the father.
At the hearing before Judge Stern testimony was adduced regarding the care that had been given the child by her mother. There was testimony of a lack of sufficient medical attention by the mother on several specific occasions, of fear by the child of one of the dogs in the Nevin home, and of the beating given the child by her step-father. Because of this testimony, which was coupled with the recommendations by the court psychiatrist and psychologist that it would be best if the child were placed with her father, as well as the child’s strong preference of living with her father, the judge determined that it was in the best interests of the child that custody be awarded to the father.
Of foremost importance in child custody cases is the welfare of the child. As the Pennsylvania Supreme Court has noted: “In determining the custody of a child of tender years, there is only one polestar, one compass, one standard of reasoning to follow, and that is the best interest of the child”: Com. ex rel. Ruczynski v. Powers, 421 Pa. 2, 219 A. 2d 460, 461 (1966). In determining what the best interests of a child are, we have created a strong presumption that a child of tender *101 years belongs in tbe custody of her mother: Com. ex rel. Logue v. Logue, 194 Pa. Superior Ct. 210, 166 A. 2d 60 (1960). This has come to be known as the “tender years” doctrine. This presumption may be rebutted by a showing of compelling reasons why custody should not be granted to the mother: Com. ex rel. Holschuh v. Holland-Moritz, 219 Pa. Superior Ct. 402, 281 A. 2d 729 (1971). These compelling reasons may be found in conduct which affects the child’s physical, intellectual, moral, spiritual or emotional well-being: Com. ex rel. Carpenter v. Carpenter, 189 Pa. Superior Ct. 297, 150 A. 2d 724 (1959). Furthermore, specific findings of such conduct must be made by the trial judge in order to rebut the presumption raised by the “tender years” doctrine: Com. ex rel. Parikh v. Parikh, 219 Pa. Superior Ct. 240, 280 A. 2d 621 (1971).
In this case the trial judge had before him specific instances of conduct which he did consider as detrimental to the child’s physical and emotional well-being if she were to remain in the mother’s home. He had the opportunity to see and hear the witnesses and to judge their credibility. He had the reports of the court psychiatrist and psychologist. He also had the benefit of the testimony of the child herself regarding her strong preference to live with her father. It was within the judge’s discretion to determine the degree of weight to accord such a preference, based on the child’s age and intellectual development: Com. ex rel. Doberstein v. Doberstein, 201 Pa. Superior Ct. 102, 192 A. 2d 154 (1963). The learned judge below was in a much better position to determine what was best for the child than is this court and in such a case great weight should be given to his determination. See Janflone v. Janflone, 219 Pa. Superior Ct. 194, 280 A. 2d 423 (1971). I find no abuse of discretion nor error of *102 law by the lower court on the state of the record in this case and accordingly, the order should be affirmed.
Hoffman and Spaulding, JJ., join in this concurring opinion.